Judge Ewing
delivered the Opinion.of the Court.
This is an agreed case, and the only question presented for the determination of this Court, is whether stock in. the Lexington and Ohio rail road company, is real or personal estate.
The Legislature,'by an act approved January 27th, 1830 (Session Acts of 1829, 126,) incorporated a company to'construct a rail road from Lexington to the Ohio river, giving to them perpetual succession, and the power to raise funds.by subscription, in shares; to purchase ground for a rail way, and for the erection of suitable buildings, for the safe keeping of articles received, for transportation, and for shops" for the accommodation of the company, and cars, vehicles, &c. And to charge toll, and make a dividend of the-profits, among the shareholders, according to the amount of stock held by each.
The right conferred on each.! shareholder, is unquestionably an incorporeal hereditanrent. It is a. right of perpetual duration, and though it springs out of the use of personalty, as well as land and houses, this matters not. It is a franchise which has ever been classed in that class of real estate denominated an incorporeal hereditament. ' An annuity, though only chargeable upon the person of the grantor, is an incorporeal hereditament, and though the owner’s security is merely personal, yet he may have a real estate in it. 2 Blk. Com. 40. Much less can it be doubted that a franchise created by act of incorporation, unlimited in duration, and springing out of the combined use of lands and personalty, should be denominated and classed as real estate. 2 Blk. Com. 20-1-2, 37-8;- Co. Lit. 19-20; Com. Digest, title-Franchise.
Nor can it make any difference, th'at a portion of the *108 amount due upon the stock has been paid since the death of the ancestor. If lands be purchased, though a part or the whole consideration be paid after the death of the vendee, this cannot change the nature of the estate in the land, but it is still real estate, and must descend as such.
So the payment of the consideration, upon the stock, cannot change its character. It will still descend as realty, and is subject to dower as such.
It is, therefore, the opinion of the Court that the decree of the Circuit Court upon this point, be affirmed with costs.