CHIEF JUSTICE ROBERTSON
delivered the OHnsrou oe the court.
Tlie sole question in this case is whether stock in the Louisville and Nashville Railroad is real or personal estate.
In the case of Price v. Price’s heirs, 6 Dana, 107, this court adjudged such stock to be real estate; and that decision, rendered April 4, 1838, has been apparently approved by general acquiescence for more than thirty-two years, corroborated by the refusal of the popular branch of the last session of the legislature to change the law as thus recognized and established by the judiciary. Such authority answers the question in this court; but were it now open for consideration we should, on common law principles, decide it just as our local authority has done for us. The perpetual right of way, with a substructure of wooden and iron fixtures, legally constitute what is called immovable in contradistinction to movable property; and as the road with all its movable attachments is an entirety, it altogether belongs essentially to the classification of real estate. The incorporated “ company ” owns that property, the stockholders constitute that company, and the president and directors are their representative organ, and hold title, whatever it may be, as their fiduciary. That title being real estate, the beneficial title must be so likewise, unless made personal by some legislative enactment. There is no such enactment in *351 Kentucky; and the act declaring turnpike stock personal estate implies that otherwise even that would be real estate; and the fact that railroad stock was not included indicates the legislative will that it should be real estate; and such there- ■ fore it must be deemed until changed by legislation, as it has been in England and some of the states of this Union, where therefore the judiciary has necessarily recognized it as personal estate. The suggestion by Lord Abenger that without any statute he would consider it personal was an obiter dictum, and that and subsequent dicta have induced some late elementary books inadvertently so to classify it intrinsically. But in Connecticut, Pennsylvania, Maryland, and some other states where, there is no statutory innovation, the courts have uniformly pronounced railroad stock to be real estate, as this court did before them.
The distinguished counsel for the appellant seems to concede that the nature of the property may, according to the common law, characterize the interest of the corporation as real estate; attempted to discriminate between that and the interest of the stockholders; and denied the authority of the case in 6 Dana, on the assumption that the court did not in that case make the proper discrimination.
But who are the corporators and what is the corporation? The second section of the charter of the 5th of March, 1850, nearly twelve years after the date of that decision, provides that “the subscribers of said stock, their successors and assigns, shall be and they are hereby declared to be incorporated into a company ‘by the name of the Louisville and Nashville Railroad Company;’” and section 18 provides that the road and all its fixtures and appurtenances “ are hereby vested in said company incorporated by this act and their successors forever.”
These enactments make the stockholders the company, and the company the corporate being, and vest the title in it as *352 thus constituted and incorporated. And surely if the title of the corporation be real estate, that of the corporators can not be personal; and moreover, as the legislature should be presumed to have been acquainted with the decision in 6 Dana, and did not in this charter change the character of the property, they must be understood as intending it to be real estate as certainly as if they had said so expressly.
The alleged treatment, professional and popular, of this stock as personalty is neither proved nor admitted; and, even if practically true, it could not change the law as judicially established and legislatively ratified.
Nor can the argument ab inconvenienti prevail. We neither perceive the inconvenience nor apprehend any difficulty or hazard in passing title to the stock without deed. The charter, by presenting a peculiar mode of transfer, has so far excepted the stock from the statute of frauds and the statute of conveyances.
Consequently the judgment of the circuit court assigning to the appellant dower in her deceased husband’s stock in the Louisville and Nashville Railroad Company as real estate, and refusing to allot to her absolutely a distributive portion as personalty, was right; and therefore the judgment is affirmed.
AN ACT TO DECLARE THE CAPITAL STOCK IN ALL THE RAILWAY COMPANIES INCORPORATED BY THE LAWS OE THIS STATE PERSONAL PROPERTY.

Be it enacted by the General Assembly of the Commonwealth of Kentucky:

Sec. 1. That the capital stock in all the railroad companies incorporated by the laws of this state shall hereafter be personal property, and subject in the hands of the stockholders or owners thereof to the same rules of law that govern other personal property, or the personal estates of deceased persons.
Sec. 2. That this act shall be in force and take effect from and after its passage. Approved March 22, 1871.