## City of Campbellsville v. Morgan.

(Decided November 7, 1912.)

### Appeal from Taylor Circuit Court.

1. Municipal Corporations—Duty in Respect to Bridge That Is Part of Street.—It is the duty of a city to exercise ordinary care to maintain in a reasonably safe condition a bridge and the railing thereon that constitutes a part of the street in the city.
2. Negligence—Contributory Negligence—Instructions.—Although the answer in an action to recover damages for personal injuries asserts that the plaintiff was guilty of contributory negligence, the court should not instruct on this issue unless there is evidence to support it.

3.  Negligence—Proximate Cause.—When the jury are instructed
    that they cannot find a verdict for the plaintiff unless they be-
    lieve from the evidence that the injury he received was the direct
    result of the unsafe condition of a bridge, we cannot say as mat-
    ter of law the defects in the bridge were not the proximate cause
    of the injury when the evidence upon this point was conflicting.

B. A. RICE and ABEL HARDING for appellant.

HENRY N. BEAUCHAMP and JEFF HENRY for appellee.

OPINION OF THE COURT BY JUDGE CARROLL—Affirming.

Within the city limits of Campbellsville there is a wooden bridge that crosses Buckhorn Creek. This bridge is about eleven feet high, and the public road that approaches it on one side runs for some distance from the bridge on an embankment about ten feet high. In May, 1911, the appellee, Morgan, in company with Geo. Marple, drove across this bridge in a buggy, to which there was attached one horse driven by Morgan, the top of the buggy being up. Just after crossing the bridge, and when a few feet from it, on the road made on the embankment, the horse Morgan was driving became frightened at two yoke of cattle that were coming on the road toward the bridge, and commenced to back. When the horse began backing Morgan struck him several times with the lines that he had in his hands, in an effort to make the horse stop backing, but his efforts in this direction were unsuccessful and the horse continued to back until the wheels or end of the buggy came in contact with the wooden railing erected on the side of the bridge for the protection of travelers. The railing the buggy came in contact with was decayed or rotten, and in consequence thereof the buggy, the horse, and Marple, who remained in the buggy, were precipitated over the bridge to the bottom of the creek. When Morgan discovered that he could not prevent the horse from backing, he jumped from the buggy about the time the railing gave way, and slipped or fell from the bridge to the creek below. To recover damages for the injury sustained to himself and his horse and buggy he brought this action, and upon a trial before a jury the damages in his behalf were assessed at $985.00.

From the judgment entered on this verdict the city prosecutes this appeal and asks a reversal, first, because the court failed to instruct the jury on the sub-

ject of contributory negligence; second, because the verdict is excessive, and third, because the evidence does not show that the defective railing was the proximate cause of the injuries received.

It was of course the duty of the city to exercise ordinary care to maintain this bridge, including the railing, in a reasonably safe condition for public travel, and it was also the duty of Morgan to exercise ordinary care for his own safety. The evidence leaves no room to doubt that the railing on the bridge at the point where it gave way was in an unsafe and defective condition, and that its condition had been known for some weeks prior to the accident by the mayor, as well as the other officials of the city. It is also evident that the trial judge failed to instruct the jury upon the subject of contributory negligence because there was no evidence that Morgan was guilty of any negligence. He was driving his horse along the road or street made up in part of this bridge, in a careful and prudent manner, and when the horse left the bridge and went upon the road, he became frightened without any fault or negligence on the part of Morgan, at the approaching cattle. At the place where the horse became frightened the road was about sixteen feet wide, but there was danger that the buggy might be backed or thrown over the side of the embankment, and in an effort to prevent this Morgan struck the horse with the lines, and in doing so we do not think he acted in a negligent or careless manner. It was entirely reasonable and natural that he should have attempted to prevent the horse from backing and have tried to make him go forward, and this he did by striking him with the lines; nor was he guilty of negligence in failing to get out of the buggy any sooner than he did, as the evidence shows that he did get out of the buggy as soon as he discovered that he could not stop the backward movement of the horse. The whole thing happened in a moment, and our conclusion from the record is that there was no evidence tending to show that Morgan did anything to contribute to the accident, and the court correctly refused to instruct the jury on the subject of contributory neglect. Although contributory negligence is asserted as a defense, it is not proper to instruct on issues made by the pleadings unless the issues are supported by evidence.

Upon the subject of damages, under the instructions and evidence, the jury were authorized to find that the

horse was worth $160, that the damage to the buggy was $15, that the time lost by Morgan was worth $200 and in addition to this they were allowed to award him such a sum as would fairly compensate him for the mental and physical pain that he suffered. If the jury, as they had the right to do, found in the amounts mentioned, for loss of time and damage to the buggy and horse, the amount awarded Morgan was only about $600, and considering the extent of his injuries it cannot be said that this amount was excessive. Indeed we could not rule that the recovery was excessive if the jury had allowed him for pain and suffering the full amount at which they assessed the damages.

In answer to the argument of counsel that the unsafe and defective condition of the railing was not the proximate cause of the accident to Morgan, it is sufficient to say that the jury were instructed that they could not find for him unless they believed that the injury to Morgan and his horse and buggy resulted from the failure of the city to keep the bridge in a reasonably safe condition for travel. This being so, the jury in finding a verdict in favor of Morgan must have reached the conclusion, as they well might have done, that the injuries sustained were the direct result of the unsafe condition of the bridge. Under the evidence the jury could not well have failed to return a verdict in favor of Morgan, as the accident was due entirely to the failure of the city to exercise the degree of care required in maintaining the bridge.

Under the whole case we see no reason for interfering with the judgment and it is affirmed.