CASE 20—ACTION TO RECOVER DAMAGES FOR PERSONAL INJURIES.

# City of Glasgow v. Gillenwaters.

APPEAL FROM BARREN CIRCUIT COURT.

JUDGMENT FOR PLAINTIFF AND DEFENDANT APPEALS. AFFIRMED.

MUNICIPAL CORPORATIONS—DANGEROUS OBSTRUCTION IN STREET—INDEPENDENT CONTRACTOR—CONTRIBUTORY NEGLIGENCE.

Held: 1. A barbed wire stretched across a street to prevent travel on the part of the street undergoing repairs is a nuisance, and the city is liable for an injury to one, who in the absence of any light or other warning, runs against the wire in the night time.

2. The fact that a city has placed the work of repairing a street in charge of an independent contractor does not relieve it of the duty to see that proper precautions are taken to warn travelers of the danger.

3. It is the duty of a city to see that all parts of a street are kept in safe condition for pedestrians, and therefore a pedestrian is not chargeable with contributory negligence in unnecessarily leaving the sidewalk to cross the street at any point.

4. A verdict for $220 for the cutting of plaintiff's lips and gums by a barbed wire is not excessive.

W. L. PORTER AND HERMAN MORRIS, FOR APPELLANT.

Appellant was injured by coming in contact with a barbed wire stretched across one of the streets of the city of Glasgow

City of Glasgow v. Gillenwaters.

in the night time; on his way to the depot and has sued the city for damages, claiming that the city negligently failed to provide danger signals or lights about said obstruction, and said obstruction and the absence of lights, were known to the city, its agents and servants and unknown to him.

Appellant in its answer denied negligence and alleged the obstruction was placed across the street without its knowledge, consent or authority.

In the second paragraph appellant avers that an ordinance was passed for the grading and macadamizing of Washington street, and it proceeded to contract with one McClosky as an independent contractor to do said work, who proceeded to do the work according to specifications furnished him by said city; and that it exercised no control over said street during the time said work was being done, and if any obstruction was placed across said street by said contractor, it was without the knowledge, consent or authority of said city, and it pleaded the independent contract with McClosky as a bar to any recovery against it for the alleged injuries.

In the third paragraph it pleads contributory negligence on the part of appellant.

Appellee's demurrer to the second paragraph of appellant's answer was sustained and a trial was had resulting in a verdict for appellee for $220 from which this appeal is prosecuted.

The evidence showed that during the progress of the work the contractor stretched a wire across the street at each end; that on the south side of the street, the entire length of it, was a good smooth pavement for pedestrians, which was not enclosed or obstructed.    Appellee testified that when he got within about fifty feet of the depot he heard the bell ringing and thought the train was about to start, and jumped off the sidewalk into the street and ran along in the center of the street and against the barbed wire and was injured.

Appellants insists First, that the court erred in sustaining appellee's demurrer to the second paragraph of its answer, and Second, that appellee was guilty of such contributory negligence in leaving the sidewalk and jumping off in the dark into the street that he knew was torn up and being repaired and running into the wire, that precluded his right to a recovery.

### AUTHORITIES CITED.

Shearman & Redfield on Negligence, secs. 142, 165; Robbin v. Chicago, 4 Wallace, 657; Van Wort v. Brooklyn, 28 How. Pr., 451; 22 R., 164; Uppington v. City N. Y., 63, Albany Law Journal, 154; Robinson v. Webb, 11 Bush, 464.

BASIL RICHARDSON, FOR APPELLEE.

V. H. BAIRD AND J. A. CONYERS, OF COUNSEL.

Our contention is:

1.  That appellant by section 3643, Kentucky Statutes, is not only vested with the power to keep its streets in a reasonably safe condition for travel and free from obstructions, but it is made its duty to do so.

2.  And if a contractor erected a dangerous obstruction across the street, such as a barbed wire is, without its being protected and designated by proper danger signals or lights or guards, it is as much the duty of the city to remove such obstruction as if it had been erected by any other person.

3.  The appellant did not and could not surrender to the contractor jurisdiction over this street.

4.  The appellant is not itself vested with authority to place dangerous unguarded obstructions across a street, and can not delegate such authority to a contractor, grading the street.

5.  A barbed wire swung across a street, is a public nuisance when left unguarded, and neither the city nor the contractor is vested with the right to erect such nuisance.

6.  Hence we conclude that both the city and contractor, or either of them, are liable in damages to the appellee for the injury sustained by reason of such nuisance.

7.  The evidence in this case shows that the appellee did not know of this obstruction but that the city authorities did.

## AUTHORITIES CITED.

N. Y. City v. Sheffield, 4 Wall, 198; Evanston v. Gunn, 99 U. S., 660; Mayor Baltimore v. O'Donnell, 53 Md., 110 (36 Am. Rep., 393); Jacksonville v. Dun, 19 Fla., 106 (45 Am. Rep., 5) 14 R., 809; City Covington v. Bryant, 7 Bush, 249; City Newport v. Miller, 93 Ky., 22; 2 Hilliard on Torts, 386; City Paris v. Current, 15 R., 126; 1 Jaggard on Torts, 144, 234 to 238, 2 Shearman & Red. on Neg., 4 Ed. secs. 345, 356, 358, 367, same, vol. 2 (4th ed.) sec. 382, (5th ed.) sec. 606; 107 U. S. Sup. Ct., Rep., 519· City Olatha v. Mezie, 48 Kan., 435; Prusso v. City Buffalo, 90 N. Y., 679; Raymond v. City Lowell, 6 Cush, 524, 53 Am. Dec., 57; 30 Am. St. Rep., 308; Marbrees v. Herman, 108 N. Y., 349; Pettengill v. City of Yonkers, 116 N. Y., 558; 15 Am. St. Rep., 558; Russell v. Town of Monroe, 116 N. C., 720; 47 Am. St. Rep., 823; City Lexington v. Auger, Jr., by, &c., 4 R., 23; 93 Ky., 22; L. & N. R. R. Co. v. Herman, 14 R., 526; Jaggard on Torts, vol. 1, p. 397; 10 N. H., 130; 18 How., 169; 42 Cal., 215.

Opinion of the court by JUDGE O'REAR—Affirming.

Appellant city, by ordinance, let the contract for the improvement of one of its streets. Plans and specifications were included in the agreement executed between the city and the contractor. In doing the work the street was so torn up as to render it unsafe for travel. The contractor, by his servants, caused a barbed wire to be strung from a telephone pole standing at the edge of the pavement to the opposite side of the street, to prevent travel over the portion undergoing repairs. The wire was about five feet from the ground. While the street and the wire were in this condition, appellee attempted to go across the street, and, in a course theretofore customarily used by pedestrians going to and from the railroad depot in that vicinity, ran into this wire, severely cutting his lips and gums. Had he kept to the sidewalk, he could have avoided the obstruction. The injury occurred in the night time. It is claimed for appellee that there was neither light nor other appropriate warning of this dangerous arrangement. In this suit by appellee against the city for damages for this injury, it pleaded, among other defenses, that it had let this contract to an independent contractor, and was not responsible for his negligence; that it had no control over the manner of his executing the work; that the contract, in or of itself, did not necessarily involve the dangerous situation by which appellee was injured. A demurrer was sustained to this plea. The correctness of this ruling is the principal question involved in this appeal.

The city is required by statute (section 3643, Kentucky Statutes) to keep its streets in a reasonably safe condition for travel and free from obstructions, and it would seem that such would be its duty independent of such statute. Fugate v. City of Somerset (14 Rep., 809) 29 S. W.,

970; City of Covington v. Bryant, 7 Bush, 349. The question then arises, can a city dispense with this duty to the public by divesting itself of authority or control over its highways? In Storrs v. City of Utica, 17 N. Y., 109, 72 Am. Dec., 437, where the city had let out the building of a sewer by contract, and the work was left open in the night time without guards, lights or warnings, and plaintiff drove into it, this same defense was attempted. The court said: "Although the work may be let out by contract, the corporation still remains charged with the care and control of the street in which the improvement is carried on. The performance of the work necessarily renders the street unsafe for night travel. This is a result which does not at all depend on the care or negligence of the laborers employed by the contractor. The danger arises from the very nature of the improvement, and if it can be averted only by special precautions, such as placing guards or lighting the street, the corporation which has authorized the improvement is plainly bound to take those precautions. The contractor may very properly be bound by his agreement not only to construct the sewer, but, also to do such other acts as are necessary to protect travel. But a municipal corporation, can not I think, in this way, either avoid indictment on behalf of the public, or its liability to individuals." This is followed and sustained by Mayor, etc. v. O'Donnell, 53 Md., 110, 36 Am. Rep., 395; Dill. Mun. Corp., sections 791-793; City of Logansport v. Dick, 70 Ind., 65, 36 Am. Rep., 166. In the last-named case, in denying the defense involved in the plea of independent contractor, the supreme court of Indiana said: "It seems to us that in view of the exclusive power conferred and of the correlative duty necessarily imposed upon the appellant over the streets, alleys, and highways within its corporate limits, in and by the legislation of this

State providing for the incorporation of cities, the appellant could not and ought not to be allowed to avoid the imperative duty which it owed to the public to keep its streets, alleys and highways in a safe condition for use in the usual manner by travelers, nor to escape responsibility for its neglect or failure to perform such duty, upon the plea that it had entered into a contract with another person for the performance of the work, which rendered such use of the street, alley or highway unsafe or dangerous to the traveling public. . . . The appellant could not, by any contract it might make, avoid its liability to third persons for injury or death resulting from a breach of its duty in the care and control of its streets." We are of opinion that the court properly sustained the demurrer. There was evidence sufficient to support the finding of the jury that there was no light nor other warning at the point where this wire was placed. It of itself was a very dangerous obstruction, constituting a nuisance, and should not have been allowed by the city.

Appellant asked the court to instruct the jury that if appellee unnecessarily left the sidewalk, which was safe, and, without good or sufficient reason, walked or ran into the wire across the street and was injured, they must find for the defendant. This instruction was refused, and the refusal is made the basis of a complaint upon this appeal It was said in the case of City of Lexington v. Auger, 4 Ky. Law Rep., 24: "It is true, there was ample room on the sidewalk for the traveler, and he would have to make a diversion from the main path to reach the danger; still he had the right to use any part of the street for the purpose of traveling." City of Olathe v. Mizee, Kan., 435. 29 Pac., 754, 30 Am. St. Rep., 308. In the last-named case it

was said: "A divergence or departure from the crosswalks is not an evidence of want of care. Pedestrians have a right to cross a street at any point, and it is a common practice to do so." In Brusso v. City of Buffalo, 90 N. Y., 679, it was held: "A person desiring to cross the street, either in the night time or in the day time, is not confined to a crossing. He has a right to assume that all parts of the street intended for tiavel are reasonably safe; and if in the night time he desires to cross from one side to the other, and knows of no dangerous excavations in the street, or other obstructions, he may cross at any point that suits his convenience, without being liable to imputation of negligence." This doctrine seems to be abundantly sustained and inherently sound. The instruction was properly refused.

The verdict of the jury and the judgment for appellee of $220 is not excessive, and is sustained by the law and the evidence.

Judgment affirmed, with damages.