## City of Carlisle v. Campbell.

(Decided December 17, 1912.)

### Appeal from Nicholas Circuit Court.

Municipal Corporations—Obstruction of Streets—Rock Placed in Street by Property Owner for Building Purposes—Notice—Ordinance.—A city is liable to a person injured by driving over a pile of rock placed in the main street of the city by a property owner for building purposes, and rendering the street dangerous for travel at night, although the city had no notice that the property owner had neglected to put a light on the pile of rock, and there was a city ordinance allowing the property owners fo use the streets to a certent extent in this way.

HOLMES & ROSS for appellant.

WM. CONLEY, JNO. P. McCARTNEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON—Affirming.

A property owner in September, 1911, was making an improvement on his lot fronting Main street in Carlisle and for this purpose hauled and placed in the street, a pile of rock ten or twelve feet long, four or five feet wide and from one to two feet high, the pile of rock being four or five feet from the curb and there being about twenty-five feet of the street left unobstructed. The pile of rock had been there about two weeks when Newell Campbell, who lived in the country, while driving down the street about dusk in a buggy, drove over the rock and was thrown out of his buggy and hurt. He brought this suit against the city to recover for his injuries. The proof on the trial showed clearly that the city authorities knew of the rock pile in the street or should have known of it in the exercise or ordinary care. There were no lights upon the pile of rock, the street lamps had not been turned on; but there were lights put up for

private purposes along the street and not far from the rock pile. There is much in the evidence to show that Campbell might have seen the rock but in fact he did not see it, and whether he was negligent was a question for the jury. There was considerable evidence tending to show that Campbell was under the influence of whiskey and that this was the cause of the trouble. But all these matters were fairly submitted to the jury by the instructions of the court; they found a verdict for Campbell for $375. There was much in the evidence to show that he was not much hurt, but we cannot say under all the proof that the verdict is palpably against the evidence or so excessive as to warrant us in disturbing it.

It may be that the property owner was negligent in putting the rock in the street as he did and failing to put a light upon it to warn persons of the danger at night; but his negligence does not exonerate the city from liability. The primary duty rests upon the city to maintain its streets in a reasonably safe condition. When it knew the rock was in the street it was incumbent on it to see that it was properly guarded, and it is liable to a person injured by reason of the street being in a dangerous condition. It is no defense to the city that it did not know that the property owner had failed to put lights on the rock. When it knew that the rock was in the street and that it made the street unsafe for public travel when without lights at night, it was its duty to see that its street was kept safe. In Glasgow v. Gillenwaters, 113 Ky., 143, we sustained a recovery against the city where a person had been injured by falling in the dark over a wire stretched in the street by a contractor. We do not see that this case can be distinguished from that. (See also Midway v. Lloyd, 74 S. W., 197; Carlisle v. Secrest, 25 R., 336; Paducah v. Simmons, 144 Ky., 641; Campbellsville v. Morgan, 150 Ky., 417. The case of Elam v. Mt. Sterling, 132 Ky., 657, is very different from this case. That was a suit for a horse taking fright at some rock; and it was held that there could be no recovery as the rock was not of an unusual character and was out of the traveled way of the street. Here the rock was in the street, and when the buggy ran over it, the man was thrown out.

The instructions which the court gave were substantially the same as those asked by the defendant. We do not see that the jury could have understood them differently.

The court properly sustained the demurrer to the second paragraph of the answer pleading that the city had enacted an ordinance allowing property owners under the direction of the mayor to use a portion of the street when erecting improvements on the lots abutting on the street; and that the rocks in question had been placed in the street by the property owner under the ordinance but without the direction of the mayor. The statute commits the streets to the care of the city, and imposes on it the burden of keeping them reasonably safe for public travel. This burden the city cannot by its ordinance shift from itself to a property holder. He may be liable to it, but it is answerable to the person injured, by reason of the unsafe condition of the street, where it knowingly suffers the obstruction to remain in the street without taking proper precaution for the safety of the traveling public.

Judgment affirmed.