## American Tobacco Company v. Troutman.

(Decided May 4, 1917.)

### Appeal from Daviess Circuit Court.

1. Damages—Injuries to the Person—Instructions.—In an action to recover damages for personal injuries caused by a falling elevator upon which plaintiff was riding, an instruction authorizing a recovery for the plaintiff in case a rule prohibiting employees from riding upon the elevator was unknown to the plaintiff, or if the rule was not enforced and employees had been in the habit of using it for a long time with the knowledge and consent of the servants of the defendant superior to the plaintiff, was not prejudicial to the defendant.

2. Appeal and Error—Harmless Error.—In a suit to recover damages for personal injuries, it was error for plaintiff's counsel to say in his argument to the jury, that if it should return a verdict for the plaintiff the defendant was able to appeal, and would appeal the case, and that the plaintiff was a poor man and unable to appeal; but the error was not prejudicial to the defendant.

3. Damages—Inadequate and Excessive Damages.—A recovery of $2,999.99 for a permanent injury to the plaintiff's ankle, leg and foot is not excessive.

4. Damages—Evidence—Competency.—In a suit to recover damages for personal injuries caused by a falling elevator, which had upon it a sign, "Keep off the elevator," it was competent for plaintiff to show that it was usual and customary for employees to ride on the elevator, with the knowledge and consent of the proprietor.

E. B. ANDERSON and LOUIS I. IGLEHEART for appellant.

BIRKHEAD & WILSON and CLEMENTS & CLEMENTS for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

The appellee, F. U. Troutman, was employed by the appellant, the American Tobacco Company, to retie tobacco on the first floor of its factory, in Owensboro, where a large number of other men were engaged in like work. It was a part of Troutman's duty to go from the first floor to the basement of the factory and there load the tobacco on trucks, which were carried from the basement floor to the first floor of the factory by an elevator provided for that purpose. The men handling the truck loaded with tobacco would ride with the truck to the first floor. When the tobacco had thus been carried to the first floor, it would be carried by the workman to his working place on the first floor. On the elevator there was a sign board containing this legend: "Keep Off the Elevator."

On January 13, 1915 Troutman and his co-laborer, John Bopp, went to the basement and loaded about six hundred pounds of tobacco upon a truck; and, having rolled the truck to the elevator, Troutman and Bopp got on the elevator with the truck of tobacco which was being conveyed to the first floor of the factory. The elevator was in charge of a man assigned to that duty; and, about the time they had reached the first floor the wire cable which lifted the elevator broke and the elevator with its load fell to the basement floor, a distance of about ten feet. Troutman's ankle, right leg and foot were severely and permanently injured. There was evidence tending to show that the wire cable was defective, and that the elevator was provided with emergency brakes, which were defective and failed to work on this occasion.

In this suit for damages, Troutman recovered a verdict and judgment for $2,999.99, and the defendant appeals.

In our opinion the record is unusually free of errors; certainly it contains no ruling that was prejudicial to the appellant.

On its motion for a new trial, the appellant specified four alleged errors: (1) Errors in the court's instructions to the jury; (2) misconduct of appellee's counsel in his closing argument; (3) the verdict is excessive; and (4) errors in the admission and rejection of evidence.

The first instruction followed the pleadings and predicated the plaintiff's right to recover upon the existence of the facts therein relied upon; while the second instruction gave the measure of damages. Neither of these instructions is seriously objected to.

The third instruction directed the jury to find for the defendant in case they should believe from the evidence that there was a rule of the defendant, well recognizd and in force, and of which the plaintiff had notice, that employes were not permitted to ride upon the elevator, and that if he did ride upon the elevator in violation of the rule he was guilty of such contributory negligence as would prevent him from recovering.

The fourth instruction was the counterpart of the third, and directed a recovery for the plaintiff in case the rule prohibiting employes from riding upon the elevator was unknown to the plaintiff, or if the rule was not enforced and employes had been in the habit of using it for a long time, with the knowledge and consent of the servants of the defendant superior to the plaintiff. It is insisted that this instruction was erroneous, in that it required the breach of the rule to have continued for a long time. But, certainly this was not prejudicial to the defendant, although it might have been prejudicial to the plaintiff.

The fifth instruction properly defined contributory negligence; and instructions A, C, and D were given upon the motion of the defendant. Instruction B was the counterpart of instruction 3 upon contributory negligence, and directed the jury to find for the defendant in case the plaintiff's own negligence caused the injury.

The instructions fairly stated the law of the case, and we fail to see where the appellant was prejudiced, in any respect.

In his closing argument to the jury plaintiff's attorney stated, "the plaintiff under the evidence is entitled to a verdict for $2,999.99; if you render a verdict for $1,000.00, the defendant is able to appeal and will appeal

the case; and so we ask you to render a verdict for the full amount sued for because you will be justified under the evidence in doing this. The plaintiff is a poor man and is unable to appeal this case and is entitled under the evidence to a verdict for the full amount sued for, for the injuries which he sustained."

This language is substantially the same as that complained of in L. H. & St. L. R. R. Co. v. Morgan, 110 Ky. 741, where the court said:

"The remarks of counsel, *supra,* were improper, but for that alone we would not reverse the case. The other remarks objected to as shown by the bill of exceptions are not subject to criticism. The court cannot afford to take notice of all remarks of counsel that are not strictly within the record. There is a latitude allowed in oral argument, but it should not extend so far as was done in the quotation."

There was no prejudicial error in this respect.

As the proof clearly shows that the injury to Troutman's ankle is permanent, it cannot be said that a verdict for $2,999.99 is excessive. L. & N. R. R. Co. v. Mitchell, 87 Ky. 327; City of Louisville v. Arrowsmith, 145 Ky. 498; and cases collected in Ann. Cas. 1913A 1369.

It is, however, contended that the court erred in admitting, over the defendant's objection, evidence showing that some of the employes in the room where appellee was working had, at times, ridden with tobacco on the elevator; and also in admitting proof that it was usual and customary for employes to ride on the elevator while moving tobacco from the basement to the retying room. And, it is contended that this evidence, if proper, did not tend to establish the fact that appellant furnished or provided the appellee with the elevator. We see no merit in either of these contentions. The use of the elevator for the purpose of carrying tobacco was the regular way provided by the company for that purpose, and proof of the fact that the employes went with the tobacco upon the elevator with the consent of the company, instead of going by a stairway, was competent to show that the rule requiring persons to keep off the elevator, if it existed and applied to employes, was really no rule at all. And, it must be admitted that this proof showed that appellant furnished the elevator for its employes.

Perceiving no prejudicial error in the record, the judgment is affirmed.