## Miller v. Weck.

(Decided January 20, 1920.)

Appeal from Jefferson Circuit Court
(Common Pleas, Third Division).

1.   Continuance—Affidavits for Continuance.—The inability of one of two defendants to procure his absent son's deposition for use as evidence in his behalf on the trial of this action, did not entitle him to a continuance thereof, as the plaintiff and the other defendant, a joint tort feasor, consented that his affidavit setting forth in detail the facts to which, it was claimed, the son would testify might be read to the jury as the deposition of the latter; and it was not made to appear from the affidavit that the benefit of the son's testimony in behalf of the father could not as well be obtained in that way as by taking his deposition. As the affidavit was read to the jury as the deposition of the son, the action of the trial court in overruling the motion for the continuance was not error.

2.   Negligence—Joint Negligence—Automobiles—Peremptory Instructiins.—The appellant and his co-defendant, Hess, were held liable and a verdict in plaintiff's behalf for separate amounts in damages returned by the jury against them, for injuries he sustained resulting, as alleged in the petition, from the collision of appellant's automobile, operated by his infant son and admitted agent, with that of Hess, operated by himself, caused by the joint and concurrent negligence of the two; and as the evidence strongly

conduced to prove such negligence, the refusal of the trial court to give, on appellant's motion, at the conclusion of the evidence an instruction peremptorily directing the jury to find for him, was not error.

3. Negligence—Joint Acts of Negligence.—It is a well recognized rule that while several may be guilty of several and distinct negligent acts, yet if their concurrent effect is to produce an estimable injury, they are all liable therefor. The comparative degree in the culpability of the two will not affect the liability of either. If both are negligent in a manner contributing to the result, they are liable jointly and severally.

4. Negligence—Liability of Father for Infant's Negligence.—Under the admitted facts of this case the liability of the appellant for the negligence of his infant son, shown to have contributed to appellee's injuries, cannot be questioned.

5. Negligence—Injury from Automobile Collision—Concurring Acts of Negligence.—An instruction offered by appellant which would have advised the jury, in substance, that if they believed from the evidence appellant's car, as driven by his son, reached the intersection of the Eastern Parkway and Preston street road before the Hess car, appellant's car was entitled to the right of way and it should have been yielded to it by the car of Hess; and if the jury further believed from the evidence that the collision between the cars causing appellee's injuries would not have occurred if such right of way had been yielded by Hess, they should find for appellant, was properly refused by the trial court. The instruction was based on an ordinance of the city of Louisville providing that all cars and other vehicles traveling its streets in an easterly or westerly direction shall be given the right of way at intersections by those going in a northerly or southerly direction, but the ordinance was inapplicable in this case because the evidence showed that the collision did not occur nor were appellee's injuries received within the corporate limits of the city of Louisville. Moreover, as the evidence tended to prove that the collision would not have occurred but for the negligence of appellant's son in running his car at a dangerous speed and without signals of its approach, such negligence was not and could not be excused by that of the driver of the other car in failing to yield the right of way; hence, the negligence of the two concurred in causing the collision and appellee's injuries.

JOHN P. HASWELL, JR., for appellant.

ELMER C. UNDERWOOD for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

On the trial of this action brought by the appellee, Louis Weck, in the court below against L. D. Miller, W. S. Hess and the appellant, Zachary T. Miller, a verdict

was returned by the jury awarding him damages to the amount of $400.00 against Hess and $800.00 against the appellant, Zachary T. Miller, for bodily injuries caused by the collision of two automobiles, one owned by Hess and the other by Zachary T. Miller, which collision and appellee's consequent injuries directly resulted, as alleged in the petition, from the joint and concurrent negligence of those in charge of the automobiles; that of Hess being at the time operated by him and that of Zachary T. Miller by his son and co-defendant, L. D. Miller, an infant eighteen years of age, who, though before the court by service of summons was dismissed as a defendant to the action by an order of the court entered on appellee's motion. Hess seems to have acquiesced in the judgment. Zachary T. Miller, however, filed motion and grounds for a new trial, but the motion was overruled, complaining of which he prosecutes this appeal from the judgment is so far as it affects him.

The collision between the automobiles occurred on the outskirts of the city of Louisville at the intersection of Eastern Parkway, a boulevard connecting two of the city parks, and the Preston street road. Appellee, who was then a parkguard in the employ of the city of Louisville, in the performance of his duties, was standing on the grass plot in the park near the intersection of the two roadways. While so stationed the two automobiles rapidly approaching the intersection came into view, that of appellant on the Eastern Parkway and that of Hess on the Preston street road. The Hess car was a light "Ford roadster," the Miller car a "big gray Stuts." According to the testimony of the appellee the Miller car was going at a speed of between twenty-five and thirty miles an hour, and the Hess car at practically the same rate of speed. Although each car was in plain view of the occupants of the other for at least fifty yards before reaching the intersection neither gave any signals or attempted to slacken its speed, but both seemed bent on beating one another over the crossing; consequently, upon reaching the intersection, they collided with such force that the light Ford car was deflected from its course by its impact with the heavier Stuts car and driven from the roadway in an oblique course onto the grass plot and against the appellee, who was knocked down, run over and dragged by it a distance of sixty-four feet before it could be stopped. So great was the speed of the Miller

car that it ran after the collision a distance of fifty or sixty feet before it could be stopped.

Appellee's testimony was in all material particulars corroborated by that of the defendant, W. S. Hess, R. E. Kelly, who was riding in his car with him, and by George Drees, who resides near the intersection of East Parkway and the Preston street road and saw the collision in question. On the other hand J. E. McCammon, who with one Thomas, a regimental sergeant major and a young lady, was riding with appellant, Z. T. Miller's son, in the Miller car at the time of the collision, testified in behalf of appellant to the effect that the speed of the Hess car was greater than that of the Miller car and that the collision of the cars was caused by the failure of Hess to slacken the speed of his car in order to give the Miller car the right of way at the intersection of the roads. In addition, appellant was permitted to read to the jury as the deposition of his absent son, L. D. Miller, his own affidavit containing what it was claimed the son would, if present, have testified regarding the collision, which was corroborative of the testimony furnished by McCammon. It is apparent from what has been said of the evidence that it was conflicting, but we think it authorized the recovery by appellee of the damages awarded him by the verdict of the jury, for, considered as a whole, it conduced to prove that the collision of the automobiles, resulting in the injuries sustained by him, was caused by the joint negligence of Hess and L. D. Miller. And as the negligence of each concurred with that of the other in causing appellee's injuries, it would be useless for us to speculate as to whether one of them was more or less negligent than the other. As said in Probst v. Hinesley, 134 Ky. 64: "The rule is now well settled in this state that while several may be guilty of several and distinct negligent acts, yet, if their concurrent effect is to produce an estimable injury, they are all liable therefor. The comparative degree in the culpability of the two will not affect the liability of either. If both are negligent in a manner contributing to the result, they are liable jointly and severally." City of Louisville v. Hart's Admr., 143 Ky. 171; City of Louisville v. Arrowsmith, 145 Ky. 498; Clinger's Admr. v. C. & O. Ry. Co., 128 Ky. 736; Paducah Traction Co. v. Sine, 111 S. W. 356. However, as the damages awarded appellee against appellant by the jury were as large again in amount as were al-

lowed against Hess, it would seem that they regarded the former's son and agent, L. D. Miller, the greater culprit.

Appellant's own testimony fastens upon him liability in this case for the negligence of his infant son, L. D. Miller, for it shows he owned and kept the automobile in which the latter and his friends were riding at the time appellee was injured for the use of himself and family, the son included, and that at the time of its collision with the car of Hess, the son was using the car with his consent. Under these facts appellant's liability for the son's negligent driving of the car and the consequent injury to appellee is fixed by the rule announced in Stowe v. Morris, 147 Ky. 376, and cases therein cited.

The character and extent of appellee's injuries are not seriously questioned. As shown by his own testimony and that of two physicians his suffering from the injuries was great; he was confined to his bed four weeks and wholly disabled several weeks longer. His body was badly cut and bruised, blood frequently passed with his urine and when this case was tried, five months after his injuries were received, he was still under medical treatment at the hands of a physician, and in the opinion of the latter his ability to labor and earn money will always continue to some extent impaired. It is therefore not a matter of surprise that appellant does not complain of the amount of the damages allowed him by the verdict of the jury. His only complaint as to that feature of the case is that any damages were allowed him at all.

Four grounds are urged by the appellant for a reversal of the judgment: Error of the trial court (1) In refusing him a continuance of the case. (2) Failure to give an instruction offered by appellant. (3) Rejection of competent evidence. (4) Verdict not sustained by the evidence. The appellant's fourth ground of complaint has, in effect, already been disposed of by our comments upon the evidence and expression of opinion as to its sufficiency to support the verdict, therefore further discussion of that subject is deemed unnecessary.

Appellant's complaint of the action of the trial court in refusing him a continuance of the case cannot properly be sustained. His motion for the continuance was supported by his affidavit and that of counsel showing his inability to obtain the depositio nof his son, L. D. Miller, whose absence as a soldier in the army of the United

States prevented his attendance at the trial and would continue to do so. Appellant's affidavit sufficiently manifested due diligence in trying to procure the deposition of the witness and also sufficiently set forth the facts to which he would testify and their materiality, but as the appellee dismissed the action as to L. D. Miller, and both he and the defendant Hess consented of record that the statement of facts contained in appellant's affidavit, to which it was claimed L. D. Miller would testify, might be introduced in evidence and read as his deposition in appellant's behalf on the trial; and the affidavit did not state and there was no written statement by his counsel which conduced to show that the full benefit and effect to appellant of the witness's testimony could not be obtained without his personal presence, an oral examination of him and the oral giving of his testimony in court, the grounds relied on for the continuance did not authorize the court to grant it. Appellant's affidavit was admitted and read as his son's deposition on the trial, and it is not claimed by his counsel that it did not present every fact beneficial to appellant that might have been obtained as evidence by taking the son's deposition. For the foregoing reasons we are satisfied appellant was not prejudiced in any substantial right by the refusal of the continuance.

The refused instruction offered by appellant would have told the jury, in substance, that if they believed from the evidence the Miller car reached the intersection of the parkway and Preston street road before the Hess car, the Miller car was entitled to the right of way and it should have been yielded to it by the driver of the Hess car; and if the jury further believed from the evidence that the collision between the cars would not have occurred if such right of way had been yielded by Hess, they should find for Miller. The instruction was based on an ordinance of the city of Louisville which provides that all vehicles and street cars going in an easterly or westerly direction shall have the right of way over vehicles and street cars going in a northerly or southerly direction. The ordinance was inapplicable because it appears from the evidence without contradiction that the collision did not occur nor were appellee's injuries received within the corporate limits of the city of Louisville, but outside thereof in the county of Jefferson; moreover, the roadways in question do not appear from

the map, made a part of the record, to run with respect to the points of the compass as contemplated by the ordinance, for at the intersection where the collision took place, Eastern Parkway runs practically northeast and southwest and the Preston street road northwest and southeast. But beyond all that has been said, the negligence of the driver of the Miller car arising out of his dangerous speed and failure to signal, if but for same the collision would not have occurred, could not be excused by the negligence of the driver of the other car in failing to give him the right of way. We think it patent that the offered instruction was properly refused; besides those given fairly set forth the entire law of the case.

Appellant's further contention that it was error for the trial court to exclude as evidence the alleged admission of appellee, following the accident, to the effect that the collision would or might not have occurred if Hess had not lost control of his machine, is without force. The admission was denied by appellee, but if made, it was but an expression of an opinion which did not alter the facts appearing from the evidence or tend to show that Miller's negligence did not help to bring on the collision; for Hess' loss of the control of his car resulted after the Miller car struck it and was caused by the collision, but for which he might have retained control and prevented the car from striking appellee. Manifestly, the exclusion of this evidence was not error. Discovering no reversable error in the record, the judgment is affirmed.