## Cundiff v. City of Owensboro.

(Decided December 6, 1921.)

### Appeal from Daviess Circuit Court.

1. Negligence—Proximate Cause.—That which stands next in causation to the effect, not necessarily in time or space but causal relation, is the proximate cause of an injury, accident or event.
2. Negligence—Proximate Cause.—A cause is not proximate which is not immediate and which reasonably prudent persons do not anticipate will produce the result in question.
3. Negligence—Proximate Cause.—A team of mules hitched to a wagon loaded with tobacco became frightened and ran against an electric light pole, breaking it, and the team were frightened, ran away, injuring the wagon and the driver, the owner, for which this action for damages was brought. The city was the owner of the electric plant. The pole was erected outside of the traveled way, was sound on the outside and of sufficient strength to support the wire. It was rotten within, but its defective condition was not observable before it was broken: Held, while the rotten condition of the pole was a contributing cause of the injury to the wagon and driver, it was too remote to fix liability upon the city for the injury.
4. Negligence—Defective Electric Light Pole—Notice.—The city having no actual or constructive notice of the defective condition of the pole was not liable even if its defective condition was the proximate cause of the plaintiff's injury.

L. P. TANNER for appellant.

GEORGE S. WILSON and E. B. ANDERSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

A farmer on a wagon loaded with tobacco was driving his team of skittish mules along a street in the city of Owensboro, when the mules, becoming frightened at a spotted pony, dashed from the roadbed on to the grass plot, striking a defective electric light pole, maintained by the city, with such force that it broke off near the ground and also near the top and fell on to the wagon, breaking the vehicle and causing the team to run away, inflicting an injury to the person of the farmer, to recover damages for which he brought this action.

Cundiff was the plaintiff below and is appellant here, the trial court having at the close of the evidence showing the above facts, directed the jury to find and return a verdict for the defendant, city of Owensboro, the owner of the electric light plant.

The evidence proves that the light pole which had been in use for several years was rotten in the center and that the sound part, about one inch thick around the outside, was all that held it in place. To the eye of the inspector the pole presented a solid and substantial appearance. It was strong enough to and it did support the electric wires, the only purpose for which it was employed. It did not look dangerous, the city had no reason to nor did it suspect that the pole was dangerous, and in fact it was not dangerous until an outside agency of great force came in physical contact with it. It stood in the grass plot between the curb at the edge of the driveway and the pavement. No team or vehicle was expected to pass near it or touch it.

In challenging the correctness of the ruling of the trial court in peremptorily directing the jury to find and return a verdict for the defendant city, appellant takes the position, inevitably, that the defective condition of the light pole and not the physical impact between the team and the pole, was the proximate cause of the injury to plaintiff Cundiff and damage to his wagon.

If, as contended by appellant, the rotten and defective condition of the pole was the proximate cause of the injury to the plaintiff and his wagon the case should have been submitted to the jury. That which stands next in causation to the effect, not necessarily in time or space but in causal relation, is the proximate cause of an injury, accident or event. That cause which naturally led to

and might reasonably have been expected to lead to the result is the proximate cause. Beiser v. C., N. O. & T. P. Ry. Co., 152 Ky. 522; Louisville Tel. Co. v. Gasper, 123 Ky. 128; Logan v. C., N. O. & T. P. Ry. Co., 139 Ky. 202. A cause is not proximate which is not immediate and which reasonably prudent persons do not anticipate will produce the result in question. The defective condition of the pole was not the immediate cause of its fall, and if its defective condition had been known prudent persons would not have expected the pole to be struck by a team with such violence as to break it down.

What act or event was closest in causal effect to the falling of the pole which injured plaintiff and his wagon? is the question—the test. Left alone the pole would not have fallen on plaintiff or his wagon. No injury would have come to Cundiff but for the striking of the pole by the team which he drove. What is the proximate cause of an injury is generally a question of fact triable by a jury, but where the facts are admitted only a question of law remains. Here the facts are admitted. The city was not expected nor required to have light poles strong enough to withstand every conceivable force which might pass on the street, but only such forces as were reasonably likely to come against or strike against such pole. The team of plaintiff had no right to be on the grass plot outside the traveled way, where it struck the pole. The pole was not placed there to resist such force. Taking all these facts into consideration, it is obvious that the force of the blow resulting from the team running against the pole, not being such as was reasonably anticipated, was the proximate cause of the fall of the pole and the resulting injury to plaintiff Cundiff and his wagon, and that the defective and rotten condition of the pole, while a contributing cause, was too remote to fix legal liability on the city for the injury. If the facts were such that the city in the exercise of reasonable prudence should have anticipated that persons and teams traveling the street would come in contact with the pole and thus put a strain upon it, the city would be liable to the plaintiff for the injury; but in the absence of such facts it was not incumbent upon the city to take precautions against the happening of events which were not expected by reasonably prudent persons to come to pass. Clearly the proximate cause of the plaintiff's injury was the shying of his team—not the defective pole.

Another and equally potent reason for the giving of the peremptory instruction by the trial court is the fact that the light pole appeared sound and the city had no knowledge whatever of its defective condition. A municipal corporation is not an insurer of the safety of its public ways but is held only to the exercise of ordinary care to keep such ways reasonably safe, and if a street becomes latently defective without manifesting such dangerous condition and its dangerous condition is not known to the city and could not have been known to said city by the exercise of reasonable care, the city is not liable for an injury resulting from such defect to a traveler rightfully upon the street. Although the city inspector examined the pole at regular intervals before it fell he could not see and did not know of its internal defective condition. Until the city was charged with knowledge of the defective condition of the pole it was not required to take it down or replace it. After the accident the pole was again examined by the city inspector and found sufficiently sound to warrant the re-erection of the part remaining, which, according to the evidence, is strong enough to carry all the weight which the light wires will entail.

The city having no actual or constructive notice of the defective condition of the pole was not liable to plaintiff, even if it be granted that such defective condition was the proximate cause of the plaintiff's injury.

Judgment affirmed.