[Civ. No. 4725. First Appellate District, Division One.—May 13, 1925.]

EDITH FISHER et al., Appellants, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

**[1]** NEGLIGENCE — BURNING WEEDS NEAR HIGHWAY — DRIVING AUTO-MOBILE THROUGH SMOKE—INJURY TO PASSENGER.—In this action for damages for personal injuries suffered by plaintiff wife, who was injured when an automobile driven by her husband collided with a truck left standing on the right-hand or west side of the highway, at a time when his vision was obscured by smoke from fires set by defendant railroad company for the purpose of burning weeds between its tracks and the highway, which ran parallel to each other, in view of the facts known to defendant and those which should

have been apparent to it before and at the time the thicket was fired—the position of the standing truck, the direction of the wind, the obvious fact that clouds of smoke would be created and would drift across the highway, the presence of travelers moving south thereon, the probability that their vision would be obscured and a view of the truck cut off, and the fact that no warning of the presence of the truck was given or attempted before or after these atmospheric conditions were produced—a jury might reasonably and fairly have found defendant guilty of negligence which was a proximate cause of the injuries and damage alleged.

[2] ID.—EXCESSIVE SPEED THROUGH SMOKE—CONTRIBUTORY NEGLIGENCE AS MATTER OF LAW—EXTENUATING CIRCUMSTANCES—NONSUIT.— In such action, the act of the husband in proceeding through the smoke at a rate of speed not permitting the stopping of the car quickly enough to prevent a collision, or, if a collision occurred, that it would be of so slight a character as not to entail injury to the occupants of the automobile, standing alone, constituted negligence as a matter of law; but, from the situation presented to the husband—namely, his apprehension of danger from another machine that was following him, the obstruction of vision by the smoke, the heat and sight of the flames—calculated to induce excitement and confusion of mind, the jury might fairly and reasonably conclude that while actual peril did not exist the husband had reasonable ground based on appearances for believing that such peril did exist, and that his course of action in proceeding in the manner and at the rate of speed that might be inferred from the evidence was such as an ordinarily prudent man might reasonably have adopted under the circumstances; and, therefore, the case should have been submitted to the jury and the motion of defendant for a nonsuit denied.

(1) 29 C. J., p. 719, n. 60, p. 720, n. 63.    (2) 29 C. J., p. 720, n. 66.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Franklin A. Griffin, Judge. Reversed.

The facts are stated in the opinion of the court.

Goldman, Nye & Surr for Appellants.

Ford, Johnson and Bourquin for Respondent.

CASHIN, J.—Appeal by Edith Fisher and Ralph W. Fisher, her husband, from an order of nonsuit and judgment

entered thereon in the superior court of the city and county of San Francisco in favor of respondent, Southern Pacific Company, a corporation, and against appellants.

The action was brought by appellants to recover damages on account of personal injuries received by appellant Edith Fisher, alleged to have been caused by the negligence of respondent. Respondent denied the alleged negligence and pleaded the negligence of appellant, Ralph W. Fisher, as a proximate contributing cause of the damage alleged.

The evidence in substance was as follows: On January 3, 1921, at about 3:40 o'clock P. M., appellants were traveling in an automobile driven by Ralph W. Fisher in a southerly direction on a paved highway at a point near Maxwell, in Colusa County. The right of way and tracks of respondent run parallel with the highway north and south at the point mentioned, the westerly line thereof being the easterly line of the right of way of the highway. On the date mentioned respondent was engaged in burning dry weeds and tules which had grown upon its right of way between the tracks and the east line of the right of way for the highway, and in so doing burned grass growing along the east line of the paved portions of the highway, causing smoke to arise and drift over and across the pavement, obscuring at times the vision of those traveling thereon. The highway was undergoing repairs, and there had been placed a sign some distance north of the point mentioned stating the fact and that its condition was "dangerous but passable," which sign was seen and read by Fisher. The paved portion of the highway at the places mentioned herein was sixteen feet wide. As appellants approached the section of the railroad right of way being burned, smoke was drifting therefrom to the west across the pavement, obscuring vision to some extent, and when they arrived at a point about one hundred feet north of the place of the accident hereinafter described a cloud of smoke from a thicket fired by respondent suddenly enveloped them, making it impossible for them to see in the direction in which they were going farther than the front of the hood of the automobile. To this point Fisher had been driving at a speed of about fifteen miles an hour. He knew that another automobile was following, but did not know at that moment its distance in the rear. A space

of about four feet in width, being the dirt portion of the right of way, ran along the west line of the pavement, permitting a car to stand off the pavement to approximately that extent. Parallel with and adjoining said strip was a ditch used to drain water from the road surface. At a point on the highway one hundred feet south of where the smoke cloud enveloped appellants and on their right-hand side there had been left standing unattended by the California Highway Commission a motor-truck which was unseen by them. Appellants testified that the smoke was suffocating and made vision ahead impossible, and that flames were visible and the heat therefrom intense. Ralph W. Fisher was conscious of the danger of proceeding, but apprehensive of the smoke and fire, and also of a possible collision with the car approaching from the rear if he stopped on the pavement or ran his car upon the dirt strip to the extent possible by reason of its width, he proceeded at a speed less than fifteen miles an hour—how much less the evidence does not show—with the result that appellants' automobile struck the truck mentioned and caused bodily injury to Edith Fisher. Appellants' car was damaged to such an extent that the inference might be drawn of a speed greater than the testimony directly shows.

The car approaching from the rear was in fact about five hundred yards away at the time appellants were enveloped by the smoke and became conscious of the danger of proceeding. At a point between seventy-five feet and one hundred feet north of the place of collision appellant Ralph W. Fisher could see the flames through the smoke, which were distant fourteen feet from the edge of the pavement, but could not see objects ahead of the automobile.

The motion for nonsuit was granted on the ground of lack of evidence showing negligence on the part of respondent, and on the further ground that, assuming such negligence, the only reasonable conclusion from the evidence was that Ralph W. Fisher also was negligent, and that such negligence was imputable to Edith Fisher and was a proximate contributing cause of the injuries and damage alleged.

[1] In view of the facts known to respondent and those which should have been apparent to it before and at the time the thicket was fired—the position of the standing

truck which, as a fair inference from the evidence, could be seen by respondent's employees, the direction of the wind, the obvious fact that clouds of smoke would be created and would drift across the highway, the presence of travelers moving south thereon, the probability that their vision would be obscured and a view of the track cut off, and the fact that no warning of the presence of the truck was given or attempted before or after these atmospheric conditions were produced—we are of the opinion that a jury might reasonably and fairly find respondent guilty of negligence which was a proximate cause of the injuries and damage alleged.

[2] It is contended by respondent that from the conduct of appellants but one reasonable conclusion could fairly be arrived at by the jury, namely, that the act of appellant Ralph W. Fisher in proceeding through the smoke at a rate of speed not permitting the stopping of the car quickly enough to prevent a collision, or, if a collision occurred, that it would be of so slight a character as not to entail injury to the occupants of the automobile, was, in view of his consciousness of the danger of proceeding, negligent and a proximate contributing cause of the injuries and damage suffered.

We may admit that such conduct standing alone would constitute negligence as a matter of law; but we are also of the opinion that from the situation presented to appellant Ralph W. Fisher, namely, his apprehension of danger from the rear, the obstruction of vision by the smoke, the heat and sight of the flames—calculated to induce excitement and confusion of mind, the jury might fairly and reasonably have concluded that while actual peril did not exist the driver had reasonable ground based on appearances for believing that such peril did exist, and that his course of action in proceeding in the manner and at the rate of speed which might be inferred from the evidence was such as an ordinarily prudent man might reasonably have adopted under like circumstances (*McRae* v. *Errickson*, 1 Cal. App. 326, 329 [82 Pac. 209]; *Gibson* v. *Kennedy Extension Min. Co.*, 172 Cal. 294, 301 [156 Pac. 56]). It is our opinion that the case should have been submitted to the jury and the motion for a nonsuit denied.

For the foregoing reasons it is ordered that the judgment be reversed.

Knight, J., and Tyler, P. J., concurred.

Respondent's petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 7, 1925.