## Bray-Robinson Clothing Company v. Higgins, By, etc.

(Decided October 6, 1925.)

### Appeal from Jefferson Circuit Court (Common Pleas Branch, First Division).

1. Master and Servant—Employer Not Responsible for Injuries by Intoxicated Driver's Criminal Act.—Ky. Stats., section 466, does not authorize recovery of damages by one injured by violation of statute, such as sections 2739g-34(b), 2739g-65(a), prohibiting and penalizing as misdemeanor operation of vehicles on public highways by intoxicated persons, from offender's employer or any one except offender.

2. Master and Servant—Liability for Servant's Acts Rests on Doctrine of Agency.—Master's liability for servant's wrongful acts is predicated on maxims respondeat superior and qui facit per alium facit per se, and in fact rests on doctrine of agency.

3. Master and Servant—Master Not Liable for Injuries by Servant's Criminal Act Not Done in Performance of Duty.—Master is not liable for injuries to third persons by agent's criminal act, when not done in line of his employment or performance of duty imposed on him by master, but is liable if act was done during course and in furtherance of employment, in master's interest and not for servant's purposes.

4. Master and Servant—Employer Held Not Liable for Injuries by Intoxicated Truckman.—Employer, without knowledge of truckman's intoxication, made an offense by Ky. Stats., sections 2937g-34(b), 2739g-65(a), or any reason to anticipate it, is not liable for injuries to child run over by truck; drinking of whiskey by servant not being in line of his employment or performance of duties imposed on him by master.

5. Municipal Corporations—Evidence of Truck Driver's Intoxication Admissible.—Evidence of intoxication of driver of truck injuring child is admissible as circumstance to be considered in determining whether driver was negligent.

6. Trial—Question should be Submitted to Jury where any Evidence.—Where there is any evidence, question should be submitted to jury.

7. Municipal Corporations—Whether Collision was Due to Child's Running Suddenly from Sidewalk Held for Jury.—Whether injury to child run over by truck was due to her running out suddenly from sidewalk, too close to truck for driver to avoid injury, held for jury, without regard to question whether there were wagons standing next to curb obstructing view as truck approached.

8. Municipal Corporations—Acquittal of Truckman on Charge of Drunkenness Held Inadmissible in Action Against Employer for Injuries.—That driver of truck which ran over child was acquitted of drunkenness in police court held properly excluded as evidence in action against employer for injuries to child.

9. Municipal Corporations—Testimony as to Arrest of Truckman for Drunkenness Inadmissible in Action Against Employer for Injuries.—In action for injuries to child run over by truck driven by defendant's employee, all testimony as to latter's arrest should be excluded, but police may testify as to whether he was drunk and state opportunities they had for observing such fact.

HUMPHREY, CRAWFORD & MIDDLETON for appellant.

ROBERT HUBBARD for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—Reversing.

Anna Grace Higgins, who was three and one-third years old, was run over by a truck of the Bray-Robinson Clothing Company on Market street in Louisville on May 17, 1923, and this action was brought to recover for her injury. On the trial of the case there was a verdict and judgment in her favor for $4,600.00. The defendant appeals.

The proof for the plaintiff was in substance this: The truck was going east and was running six or seven feet from the curb. The child was on the pavement and started to cross the street. A man, who was driving a car following the truck, saw the child when she was six or seven feet from the truck; he hollered. Charles Baugh, the driver of the truck, did not see the child. The front wheel of the truck ran over her and the truck was stopped just as the hind wheel rested against her head. She was unconscious and received serious injuries about the head, causing convulsions. The mother of the child picked her up and the driver of the truck said, "Honest to God, lady, I did not see the child, I could not see where she come from; I was speaking to a lady across the street." The plaintiff also showed by a number of witnesses that the driver of the truck was intoxicated.

On the other hand, the proof for the defendant is that Baugh, the truckman, did not hear the man holler and did not say, "I was speaking to a lady across the street;" that he was entirely sober; that there was a market wagon hitched on the side of the street next to the curb with the horse's head west and the little child ran out from the sidewalk just behind the market wagon and struck the side of the front of the car after a part of the front of the car had passed her. The proof for the defendant also showed that the truckman had merely bowed to a lady several doors west of the accident as he passed. According to all the proof the truck was only running eight or nine miles an hour, and according to the proof for the plaintiff there was no market wagon obstructing the view as the truck approached.

The court on its own motion gave the jury these instructions:

"1. It was the duty of Baugh, driving the truck of the defendant, to exercise, in order to avoid collision with any one on the street, ordinary care, that is to say, that degree of care that is usually exercised by ordinarily careful and prudent persons under the same or similar cimcumstances.

"If you believe from the evidence that there was no wagon standing at the south curb of Market street, as Baugh approached, going eastward, and that Baugh saw, or by the exercise of ordinary care could have seen, that Anna Higgins was in peril, or coming into apparent peril from the movement of his truck, in time to have, by the exercise of ordinary care and the use of the means at his command, avoided the collision, by either stopping his car or changing its course or giving warning by the usual and customary signals, then you should find for the plaintiff.

"But, if you believe from the evidence that there was a wagon standing at the south curb and that Anna Higgins came from behind that wagon into danger from Baugh's truck, and came so suddenly and so close in front of, or so close to, his truck that Baugh could not see her danger from his truck in time, by the exercise of ordinary care and the use of the means at his command, to stop his car or change its course, or give warning and so have avoided the accident, then you should find for the de-

fendant; provided, you also find for the defendant under the subsequent instruction.

"2.    If you believe from the evidence that Baugh was at the time intoxicated, and that his intoxication, if it existed, was the cause of his striking Anna Higgins, then you should find for the plaintiff.

"But, if you believe from the evidence that Baugh was not intoxicated, or even though you should believe from the evidence that he was intoxicated, yet, if you further believe from the evidence that the fact that he was intoxicated was not the cause of his collision with Anna Higgins, then you should find for the defendant; provided, you find for the defendant under the first instruction."

The second instruction given by the court was based upon the following provisions of the Kentucky Statutes:

"A person injured by the violation of any statute may recover from the offender such damage as he may sustain by reason of the violation, although a penalty or forfeiture for such violation be thereby imposed." Kentucky Statutes, section 466.

"No intoxicated person shall operate any vehicle upon a public highway." Kentucky Statutes, section 2739g-34 (b).

The statute further provides that any person violating this provision, "shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by a fine of not less than $10.00 nor more than $100.00 for each offense." Kentucky Statutes, section 2739g, subsection 65.

Under these provisions it is not lawful for an intoxicated person to operate a motor vehicle upon a public highway, and if he does so he commits a public offense for which he is liable. Whether he would for this reason be liable to any person injured by his unlawful act is a question not presented here, for Baugh is not a party to this action. The statute provides that a person injured by the violation of any statute may recover from the offender such damages as he may sustain by reason of the violation. But it does not authorize a recovery against anybody else than the offender.

"The doctrine of the liability of the master for the wrongful acts of his servant is predicated upon the maxims *respondeat superior* and *qui facit per*

*alium facit per se.* In fact, it rests upon the doctrine of agency." 18 R. C. L., p. 786.

"As in the case of torts committed by the servant, the master is not liable for injuries to third persons caused by the commission of a criminal act by the servant when not done in the line of his employment or in the performance of the duty imposed on him by the master, or by the master's command; but he is so liable, if the criminal act of the servant was done during the course of his employment and in the furtherance thereof, and in the master's interest and not for purposes of the servant." 20 Am. & Eng. Ency., p. 176. To same effect see 26 Cyc. 1629.

If the truckman was intoxicated this was not in furtherance of his service or in the master's interest, but for the purposes of the truckman. If he drank whiskey it was not in line with his employment or in the performance of the duties imposed upon him by the master or by the master's command. There is no evidence that the master had any knowledge of his intoxication or any reason to anticipate it, if he was intoxicated. We therefore conclude that the second instruction should not have been given. The evidence as to his intoxication was properly admitted as a circumstance to be considered with the other facts in determining whether he was negligent.

The defendant asked the court to give the following instruction modifying instruction 1, which the court refused to give:

"Even though the jury may believe from the evidence that there was no wagon standing on the south side of Market, between Campbell and Wentzel streets, a short distance west of the place where the defendant's automobile, going east, collided with the infant plaintiff, still, unless the jury believe from the evidence that the chauffeur of defendant's automobile truck saw, or by the exercise of ordinary care could have seen, the danger to the child in time to stop his automobile and prevent the accident, and failed so to do, the law is for the defendant, and the jury should so find."

The rule is well settled that where there is any evidence the question should be submitted to the jury, and in view of the speed of the truck, the distance from the curb to the truck and the way the collision occurred, as

well as the testimony of several witnesses, there was some evidence that the accident was due to the little child running out suddenly from the sidewalk and too close to the truck for the truckman to avoid the injury to her. In fact, upon the whole case, this was the question that should have been submitted to the jury, and on another trial the court will omit from instruction 1 all reference to the wagon standing on the south curb of Market street. This is purely a matter of evidence.

The fact that the truckman was acquitted in the police court on the charge of drunkenness was properly excluded as evidence on the trial. Neither the plaintiff nor the defendant was before the police court. That was simply a proceeding by the Commonwealth against the truckman. He could not be convicted there unless proven guilty beyond a reasonable doubt. The fact is to be tried here on the preponderance of the testimony. But on another trial all testimony as to the arrest of the truckman by the police will be excluded, but the police may testify as to his condition and state the opportunities they had for observing it.

Judgment reversed and cause remanded for a new trial.