## Bray-Robinson Clothing Company v. Higgins.

(Decided March 25, 1927.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Municipal Corporations.—In action for injuries to child run over by truck driven by defendant's employee, instruction to find for defendant, if child came from a place of safety into danger from the truck so suddenly that driver could not, by exercise of ordinary care and use of means at his command, avert collision with the child, even if he had been observing all the duties owed, held not misleading and confusing to jury.

2. Damages.—Where there is no certain evidence that injury may be permanent, and evidence as to permanency of injury is speculative or mere conjecture, a permanent injury instruction should not be given, though absolute certainty of what may be the result of the injury in the future is not required.

3. Appeal and Error.—If evidence on second trial is different on certain issue than on first trial, erroneous instruction on such issue, approved on appeal from first trial, need not be given on second trial, on theory that approval on first appeal established law of case.

4.  Appeal and Error.—Where instruction on permanent injury, not
    justified by the evidence, was not criticized by the Court of Ap-
    peals on former appeal, law of case was established, and court,
    on subsequent appeal, was precluded from reversing because the
    giving of the same instruction was not justified by the evidence.

HUMPHREY, CRAWFORD & MIDDLETON for appellant.

W. S. HEIDENBURG for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

This is a second appeal of this case.  The first opin-
ion is found in 210 Ky. 432, 276 S. W. 129.  The facts are
stated in that opinion.  The verdict in the first trial was
for $4,600.00.  The case was reversed because of the
admission of incompetent evidence and because of errone-
ous instructions.  The evidence on the last trial was sub-
stantially the same as the evidence on the first trial.

Three grounds are urged for a reversal: (1) That
instruction No. 3 given by the court is erroneous, be-
cause it submits the question of permanent injury to the
jury, when there was no evidence to support any such
instruction; (2) that the damages awarded are excessive
because there was no evidence of permanent injury; (3)
that instruction No. 2 was confusing, and therefore
erroneous.

We will dispose of the second ground first.  After a
consideration of the evidence as to the extent of the
injury and its seriousness at the time, we have reached
the conclusion that the damages awarded are not exces-
sive.

The third ground relied on is that the second instruc-
tion given by the court is confusing, and therefore errone-
ous.  The instruction is as follows:

"(2)   Whether or not you believe from the evi-
dence that Baugh was observing all the duties men-
tioned in the first instruction, if you believe from the
evidence that Anna Grace Higgins came from a place
of safety suddenly into danger from the truck, and
so suddenly that Baugh could not, by the exercise of
ordinary care as defined in the first instruction, and
the use of the means at his command, avert the col-
lision with the child, even if he had been observing
all the duties mentioned, then you should find for the
defendant."

We do not think the jury was confused by this instruction. The instruction might have been more clearly written, but we are unwilling to say that it is so confusing that it may have misled the jury.

The first ground relied on for reversal, that is, that the third instruction is erroneous, because the court submitted to the jury the question of permanent injury when there was no evidence to support such an instruction, is more serious. The evidence as to the permanency of the injury is by no means satisfactory. It is vague and uncertain, and made up largely of speculation as to what may or may not happen in the future. Absolute certainty as to what may be the result of an injury in the future is not required, but mere conjecture of what may be the result of the injury in the future is not sufficient to authorize an instruction as to permanent injury. The future effect of the injury should be shown with reasonable certainty, or the jury should not be permitted to find damages on the ground of permanent injury. The evidence to support an award for damages for a permanent injury should satisfy that the injury is permanent, and where it can be as fairly assumed that the injury is not permanent as it can that the injury is permanent, it is doubtful whether an instruction on permanent injury should be submitted. But certainly, where there is no certain and definite evidence that the injury may be permanent, and where the evidence as to the permanency of the injury is speculative or mere conjecture, a permanent injury instruction should not be given. Illustrative cases are as follows: Louisville Southern Railroad Company v. Minogue, 90 Ky. 369, 14 S. W. 357, 12 Ky. Law Rep. 378, 29 Am. St. Rep. 378; L. & N. R. R. Co. v. Brown, 127 Ky. 732, 106 S. W. 795, 32 Ky. Law Rep. 552, 13 L. R. A. (N. S.) 1135; Ill. Central Railway Co. v. Basham, 183 Ky. 439, 209 S. W. 362; Louisville & Interurban Railroad Company v. Murphy, 190 Ky. 795, 228 S. W. 442; C., N. O. & T. P. Railway Company v. Ross, 212 Ky. 619, 279 S. W. 1075; L. & N. R. R. Co. v. Parsons, 213 Ky. 432, 281 S. W. 519.

We are confronted, however, with the doctrine that the former opinion is the law of the case, and where an instruction on the first appeal was not criticized by this court, it is conclusively presumed that it was approved, and, although the instruction may have been erroneous, the case on a second appeal cannot be reversed, if the

court gave the same erroneous instruction. If the evidence was different on the second trial, and should show that the injury was not permanent, when on the first trial the evidence showed that the injury was permanent, then it cannot be said that the erroneous instruction approved by this court on the first trial must still be given. The able attorneys representing appellant in this case make an attempt to show that the evidence on the second trial shows more clearly that there was no permanent injury than did the evidence in the first trial. We have examined the evidence on the first trial, and it shows that a permanent injury instruction was not then justified as the evidence did not show a permanent injury. The evidence does not show a permanent injury on the second trial, and for that reason we are precluded from reversing the case on account of the error in the third instruction. Ware v. Saufley, 203 Ky. 276, 262 S. W. 262; Graziani's Executrix v. Ambrose, 201 Ky. 466, 257 S. W. 21; Horton v. L. & N. R. R. Co., 199 Ky. 279, 250 S. W. 983; Cox's Adm'r v. L. & N. R. R. Co., 137 Ky. 388, 125 S. W. 1056.

Judgment is affirmed.