[Civ. No. 6024. Second Appellate District, Division One.—November 17, 1930]

LOUISE HARTFORD, Appellant, v. SAM SILVERMAN et al., Respondents.

Collamer A. Bridge for Appellant.

Joe Crider, Jr., and Elber H. Tilson for Respondents.

HOUSER, J.—The action upon which the appeal herein is predicated was originally brought in the municipal court of the City of Los Angeles. ■ Among other things, the complaint therein contained a statement of the following facts, to wit: At night, in the city of Los Angeles, plaintiff was lawfully walking on a public sidewalk, at which time and on which occasion one of the defendants (who was the minor son of the other defendant) was seated in an automobile of which he was in charge and which automobile was parked and stopped upon said sidewalk in such manner as to obstruct the passage of plaintiff upon said sidewalk; and that, although requested by plaintiff to do so, said defendant

refused "to propel said vehicle into the driveway . . . and thereby render it possible for plaintiff to proceed along said sidewalk". Thereupon it became and was necessary "for plaintiff to walk around said automobile in the vicinity of the curb line . . . and that in so doing and while using due care and caution in that behalf, plaintiff was caused to fall violently to the pavement by reason of the fact that one of her feet slipped or became caught in a portion of said driveway or curb which plaintiff had been unable to see and discover by reason of the darkness, and notwithstanding the fact that she was proceeding in a careful and cautious manner around said automobile". As a result of the injury thus received by plaintiff, she suffered certain damages, etc. The demurrer of defendants to the complaint upon the ground that it failed to state a cause of action was sustained by the judge of the municipal court without leave to amend the complaint, and judgment was thereupon rendered in favor of defendants. On appeal to the superior court, the judgment theretofore rendered in the municipal court was affirmed. It is from such judgments that the appeal herein is taken.

Although the decisions by the appellate courts of this state with reference to the liability of defendants in circumstances analogous to those which have been hereinbefore set forth are by no means harmonious or consistent one with the other, it is believed that the weight of authority sustains the conclusion that, assuming the existence of the facts as stated in the complaint herein, a jury would be justified in returning a verdict in favor of plaintiff. (*McKune* v. *Santa Clara V. M. & L. Co.*, 110 Cal. 480 [42 Pac. 980]; *Sawdey* v. *Producers' Milk Co.*, 107 Cal. App. 467 [290 Pac. 684]; *Watwood* v. *Fosdick,* ▌(Cal. App.) 297 Pac. 881; *Hanlon Drydock & Shipbuilding Co.* v. *Southern Pac. Co.*, 92 Cal. App. 230 [268 Pac. 385]; *Flynn* v. *Bledsoe Co.*, 92 Cal. App. 145 [267 Pac. 887]; *Fisher* v. *Southern Pac. Co.*, 72 Cal. App. 649 [237 Pac. 787]; *Mitsuda* v. *Isbell*, 71 Cal. App. 221 [234 Pac. 928]; *Marton* v. *Jones*, 44 Cal. App. 299 [186 Pac. 410]; *Williams* v. *San Francisco & N. W. R. Co.*, 6 Cal. App. 715 [93 Pac. 122].)

It is therefore ordered that the appeal from the municipal court to this court be and it is dismissed. It is further ordered that the judgment rendered by the superior court be and it is reversed.

Conrey, P. J., and York, J., concurred.