# Hall's Administratrix v. City of Greensburg et al.

(Decided November 27, 1931.)

O. B. BERTRAM for appellant.

J. H. WOODWARD and NOGGLE & GRAHAM for appellees.

OPINION OF THE COURT BY HOBSON, COMMISSIONER—
Affirming.

Greensburg, the county seat of Green county, is a town of the sixth class. In the spring of 1929, J. B. Mitchell, Cleston Coffey, S. J. Simmons, and L. L. Bagby proposed to build a garage on the west side of Main street in Greensburg and obtained from the city a permit to store building material on the west side of the street, but providing that it should not be placed in the street in such a way as to interfere with the free travel on the street. They began the construction of the garage and, among other things, built a sand bin on the west side of the street 3 or 4 feet high, 12 feet long, and extending out from the sidewalk 12 feet. The street, exclusive of the sidewalks, was 53 feet wide, so that 41 feet of the street was left after the sand bin was put up. Children in the neighborhood played upon the sand. As Mrs. J. L. Wilson was driving by in her car, Charles Hall, a little boy 4½ years old, who had been playing in the sand, was struck in the street by her car as she was driving past. The child was killed, and his mother qualified as his administratrix and brought this action against the builders of the garage, the city, and Mr. and

Mrs. Wilson to recover for his death. At the conclusion of the evidence the court instructed the jury peremptorily to find for the city and the builders of the garage. The case being submitted to the jury as to the other defendants, the jury found for them. The plaintiff appeals.

The facts shown by the proof for the plaintiff are, in substance, these: Mrs. Wilson was driving 10 or 15 miles an hour. The little boy appeared in the street 10 or 15 feet before the car reached him. Mrs. Wilson did not check her car or blow the horn or give any signal of danger. On the other hand, the proof for the defendant was that another vehicle passed just as she approached, and she veered to the right to give this vehicle room, until she was running only 2 or 3 feet from the sand bin. The little boy came out from behind the sand bin at the far end of it from her as she approached, and so close to the car that she could not see him over the fender. She did not see him at all. A lady, who was riding with her, saw the child as he left the sand bin, screamed, and put her foot on the brake, but in a second the child was struck, before Mrs. Wilson knew why the lady screamed. The child came out on the right-hand side of the car, and, Mrs. Wilson being on the left-hand side, the fender obstructed her view. The lady on the right-hand side saw the child because she could see at the side of the fender. Mrs. Wilson was driving slowly. Appellant insists: (1) The court erred in giving to the jury, at the conclusion of the evidence, a peremptory instruction to find for the city, and for the builders of the garage. (2) The court erred in giving to the jury instructions 1, 2, and 4. (3) The verdict of the jury is palpably against the evidence.

■ In Gaines' Administratrix v. City of Bowling Green, 235 Ky. 800, 32 S. W. (2d) 348, 350, the rule as to proximate cause of an injury is thus stated:

"The maxim, 'Causa proxima, non remota, spectatur,' does not mean that the cause which is nearest in point of time or space is necessarily to be deemed the proximate cause, but it does mean, where an act of negligence is relied on for recovery for an injury, that such act must have been the efficient procuring cause of the injury. The train of causes must be unbroken in order to hold the originator of the first cause responsible for the injury. If an inde-

pendent cause intervenes which is of itself sufficient to produce the result, it is regarded as the proximate cause, and the originator of the first cause is relieved from liability.'' To the same effect, see Wright v. Powers & Sons, 238 Ky. 572, 38 S. W. (2d) 465, and cases cited.

The fact that the city of Greensburg had given the permit for the contractors to put the sand bin in the street and that they were maintaining the sand bin in the street was not the proximate cause of the child's injury. It is urged that the sand bin was a place attractive to children, and that the attractive nuisance doctrine should be applied. This would be true if the boy had been injured in the sand bin from some danger in it; but, when he was hurt, he had left the sand bin and was crossing the street. When he was struck by the automobile in the street an independent cause intervened, which was of itself sufficient to produce the result. The city and the builders are no more responsible for this than the owner of a shade tree would be where it permitted children to play upon the tree and one of them was hurt in crossing the street after he left the tree.

■ By instruction 1, the court defined the duties of the driver of an automobile in the form in which it has been often approved. By instruction 4, the court defined negligence by an instruction in the usual form. Instruction 2 is in these words:

"If you believe from the evidence that the decedent, Charles Hall, came suddenly from behind the sand bin in evidence and in front of defendant's car, and so close in front of it that said Mrs. Wilson could not by the exercise of ordinary care and the use of the means at her command either stop her car or change its course or give said Charles Hall warning of her presence by the usual signal in time to have avoided the collision, then the law is for the defendants, Wilsons, and you should so find."

The instruction followed practically the rule laid down in Bray-Robinson Clothing Company v. Higgins, 210 Ky. 432, 276 S. W. 129. It is earnestly insisted that the court should have modified the instruction under Metts' Adm'r v. Louisville Gas Co., 222 Ky. 551, 1 S. W. (2d) 985, where it was held that, if a child is seen near the path of the car, a different rule applies. But there was nothing in the facts of this case to bring it within

that rule. There was no evidence that the driver of the car ever saw the child. She was on the left-hand side of the car. The child approached from the right-hand side and, as the defendant's evidence shows, so close to the car that the front of the car, owing to the height of the child, prevented the driver from seeing the child at all. The instruction simply submitted the case as the defendant's evidence established the facts. The finding of the jury was a finding that they believed these facts to be true. There is no exception in the bill of exceptions to the refusal of the court to give instruction A, defining the duties of the driver of the car.

■ The verdict of the jury is not palpably against the evidence. If the evidence for the defendant was true, it was simply an unavoidable accident, caused by a little child running out from behind the sand bin just in front of the car.

Judgment affirmed.