## Winders' Administrator v. Henry Bickel Company.

(Decided March 3, 1933.)

### (Common Pleas Branch, Third Division).

W. S. HEIDENBURG for appellant.

L. R. CURTIS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Affirming.

The appellant sought to recover of the appellee and its codefendant Charles E. Bell $25,000, for the death of his intestate, alleged to have occurred on May 14, 1931, and to have been the result of the joint negligence of the two defendants. At the close of plaintiff's evidence, the court directed a verdict for the Henry Bickel Company, whereupon the plaintiff dismissed his action against Bell, and, his motion for a new trial against the Henry Bickel Company having been overruled, he has appealed.

The city of Louisville had by ordinance required that the grades of the tracks of the K. & I. R. Company and the grades of certain streets of the city be separated, and pursuant to a contract made with them the

Henry Bickel Company was engaged in doing certain concrete work required on the south side of River Park drive. River Park drive runs practically east and west, and is 36 feet between the curbs. This work was being done on River Park drive a little east of midway between Thirty-First and Thirty-Second streets. To do this work a concrete conveyor had been placed across the sidewalk on the south side of River Park drive, thus completely blocking the sidewalk. Mixed concrete was delivered to this conveyor by trucks, and, when a truck backed up to this conveyor to dump the concrete into it, the conveyor and the truck together, blocked not only the sidewalk on the south side of River Park drive but about two-thirds of the street proper, leaving only about 10 or 12 feet on the north side thereof open for traffic. Michigan drive, the second street north of this one, was then in process of construction, and as a result an unusually heavy east and west traffic had been thrown onto River Park drive, and, when the Bickel Company's trucks were delivering concrete to this conveyor, all of this traffic was forced through this "bottle-neck" of 10 or 12 feet left unobstructed.

No barricades were maintained to keep the public from using the street, and no permission for the obstruction of this sidewalk had been obtained. It is urged that no special permit was necessary, as this work was being done for the city.

On River Park drive about two blocks west of where this work was being done there is a school. The pupils were dismissed at 12 o'clock May 13, 1931, for the noon recess, and shortly thereafter the deceased, Estelle Louise Winders, aged six, and another little girl from this school were traveling east on the south side of this street. When they reached this conveyor, a truck was then unloading concrete into it, and the sidewalk and about two-thirds of the street were blocked thereby. They started to run across the street to the north side, and just after the Winders child had passed the north end of the Bickel Company's truck, and while she was crossing the 10 or 12 feet of the street that was left, she was struck by a west-bound truck belonging to and driven by the defendant Bell, and sustained such injuries that she died therefrom about 12 hours later.

The immediate cause of this child's death was being struck by the truck driven by the defendant Bell.

A prior and remote cause was the obstruction of the south side and center of the street by the Henry Bickel Company, whereby the child was caused to cross the street to the north side thereof.

The question narrows down to this: Can the Henry Bickers Company be held responsible for the death of this child, who was not struck or injured by any of the obstructions it placed in the street, and the most that can be said against it is, it created the conditions that caused her to have to cross to the north side of the street, in doing which she was struck and killed by an independent agency, to wit, the truck owned and driven by Bell. The answer is, "No." See Hall's Adm'x v. City of Greensburg et al., 241 Ky. 279, 43 S. W. (2d) 660; Gaines' Adm'x v. City of Bowling Green, 235 Ky. 800, 32 S. W. (2d) 348; Stephens v. Stephens et al., 172 Ky. 780, 189 S. W. 1143; Wright v. L. C. Powers & Sons, 238 Ky. 572, 38 S. W. (2d) 465; Griffin v. Chesapeake & O. R. Co., 169 Ky. 522, 184 S. W. 888; Kentucky Utilties Co. v. Searcy, 167 Ky. 840, 181 S. W. 662; Logan v. Cincinnati, N. O. & T. P. R. Co. et al., 139 Ky. 202, 129 S. W. 575; 45 C. J. p. 931, sec. 491; 22 R. C. L. p. 132, sec. 18.

The appellant argues, and it is possibly true, that, if this obstruction had not been in the street, the little girl would not have been killed, but it is equally true she would not have been killed if she had used the sidewalk on the north side of this street instead of the south, if she had used Vermont avenue, the next parallel street north, if she had used Michigan drive the second parallel street north, if she had not gone to school that day, if she had attended a different school, if she had not lived in Louisville, etc.

If once we pass the immediate cause, we enter a limitless field of speculation. Lord Bacon puts it this way:

"It were infinite for the law to consider the causes of causes and their impulsions one of another; therefore it contenteth itself with the immediate cause, and judgeth of acts by that, wtihout looking to any further degree."

Appellant cites and relies upon the cases of Paul Milbury, etc., v. Turner Center System, 274 Mass. 358,

174 N. E. 471, 73 A. L. R. 1070, Winsky v. DeMandel. et al., 204 Cal. 107, 266 P. 534, and Hartford v. Silverman, 109 Cal. App. 587, 293 P. 660; but, whatever may be the rule in other jurisdictions, the rule in this state does not impose liability on one occupying the position of the Bickel Company in this case, for example, in Gaines' Adm'x v. City of Bowling Green, supra, the ditch in the street exactly corresponds to the obstructions of the Bickel Company in this case, and Crumbly's car corresponds to Bell's truck in this one, so that case cannot be distinguished from this one.

Therefore we conclude the cases relied on do not apply in this case, and that the court did not err in directing a verdict for the Bickel Company.

The judgment is affirmed.