McINNIS, Judge.
The demand for damages in this case arises from the following sequence of events:
On December 6, 1950, the defendant, Kansas City Southern Railway Company, was engaged in burning dead grass and weeds on its 100 foot strip .of right-of-way between its tracks and Lake Shore Drive in the 2200 block of Lake Shore Drive. While the burning of this strip was in progress a gusty wind was blowing at irregular intervals, carrying smoke of varying density toward and over Lake Shore Drive. In mid-afternoon of said day, the wife of plaintiff visited a friend at 2207 Lake Shore Drive and parked plaintiff’s Hudson automobile in front of her friend’s home on the right-hand side of the street headed east, at or near the curb line.
Not long after plaintiff’s wife went into the house at 2207, she noticed the smoke was becoming denser and she went out to the Hudson automobile, intending to move it to a place where the view was clear, but when she reached the parked automobile, the smoke had become so dense that she would not try to move the car, and stood on the sidewalk near the automobile.
At about this same time, Mrs. Henry C. Lewis, Jr. was approaching the Hudson automobile to the east, and Mrs. Robert E. Baremore was driving a Ford automobile from the east, meeting Mrs. Lewis. Both these ladies say they saw some smoke, but their ability to see was not impaired seriously until about the time Mrs. Lewis -was almost alongside the Hudson automobile, at which time a gust of wind caused the smoke *824 to envelop the street, like water from the sky poured over the scene, Mrs. Lewis says. Apparently the Ford, driven by Mrs. Bare-more, collided with the Plymouth, driven by Mrs. Lewis, in such a way as to ram the right rear fender of the Plymouth against the left side of the parked Hudson, resulting in damage to the Hudson consisting chiefly of a broken rear window and dents and scratches on the left rear panels.
Plaintiff charges negligence to the railway company and the drivers of the Plymouth and Ford automobiles, and has sued the railway company and Henry C. Lewis, Jr. and Robert E. Baremore, husbands of the two drivers, for $872.84 damage to the Hudson car, consisting of $172.84 for cost of repairs and $700 alleged depreciation in value of the Hudson on account of it having been involved in the accident.
Plaintiff alleges that the railway company was negligent in causing the fire to be ignited, failing to keep its right-of-way cleared of grass and weeds, and allowing the fire to burn adjacent to Lake Shore Drive so that the smoke from it covered the street so heavily visibility to persons driving on the said street was obstructed, and in failing to keep attendants about the fire so as to help traffic through the area where the smoke was covering the street.
Negligence charged to Mrs. Henry C. Lewis, Jr. is driving at a speed in excess of twenty-five miles per hour on Lake Shore Drive when her visibility was obstructed by the smoke to the extent that she could not have her automobile under control within the range of her vision, and that she was' driving down the center part of the street rather than on her right-hand side, and it is alleged that the automobile she was driving was owned by the community of acquets and gains existing between her and her husband, Henry C. Lewis, Jr., and that she was on a mission for the community.
Negligence charged to Mrs. Robert E. Baremore is driving at a speed in excess of twenty-five miles an hour when her visibility was obscured so that she did not have sufficient view of the road to enable her to have her automobile under control within range of her vision, and the petition alleged that she was further negligent in driving in the center part of the street rather than on the right hand side, and it is alleged that1 she was driving an automobile owned by the community of acquets and gains existing between her and her husband, Robert E. Baremore, and that she was driving at the time of the collision on a mission for the community.
Plaintiff alleges that as a result of the-negligence of the railway company, Mrs. Henry C. Lewis, Jr. and Mrs. Robert E. Baremore, the automobile driven by Mrs. Lewis and the one driven by Mrs. Bare-more crashed head on into each other, which collision forced the Lewis automobile into-plaintiff’s automobile.
Plaintiff alleges that his automobile had' been purchased new July 11, 1950, at a total cost of $2433.50, and at the time of the-collision had been- driven only 4829 miles and was in perfect mechanical condition; that the damage was so extensive the cost of making repairs amounted to $172.84 and that as a result of the collision and damage, he has suffered damage in excess of the cost of repairing the automobile in that its value has been decreased because of its having been damaged in a collision, and he alleges that it had a value before the collision of $2100 but after the collision, was worth only $1400.
The railway company filed an exception of no cause or right of action, which was. overruled.
Robert E. Baremore filed a plea of vagueness, which was sustained and plaintiff ordered to amend his petition, which he did, setting forth in more detail why he claimed the value of the automobile had been decreased.
The railway company answered, denying any negligence on its part and alleging that the negligence of Mrs. Baremore and Mrs. Lewis was the proximate cause of the accident and resulting damage and that its negligence, if any was not the proximate cause of the accident.
The answer of Henry C. Lewis Jr. denies-generally the charges of negligence to his wife and admits that the proximate causes of the collision were the negligence of the- *825 railway company and Mrs. Baremore. The answer also denies that the smoke was constantly over the street just prior to the ac■cident. Further answering in the alternative, and only in the event that Mrs. Lewis should be held guilty of negligence, in that event defendant avers that Mrs. Graham, the wife of plaintiff, was negligent in that she had a superior opportunity to know that smoke of varying density was blowing across the street where the Hudson car was parked and knew or ought to have known ■of these circumstances, and that with such knowledge, she did not move the Hudson car but remained passive, and gave no warning by horn, gesture, lights or voice to warn traffic approaching from the east that the Hudson car prevented the use of that part of the street.
Robert E. Baremore answered, denying •generally any negligence on the part of Mrs. Baremore, and alleges that the brush fire burning along the right-of-way of the railway caused smoke which fluctuated intermittently, and in the few moments preceding the accident until immediately prior thereto, the smoke was not of sufficient density to noticeably reduce the range of vision, and that at and near the point of collision and immediately prior to the collision, the smoke suddenly shifted and increased in density and Lake Shore Drive was suddenly covered by heavy smoke to the extent that visibility was almost completely obstructed, and he charges negligence to Mrs. Lewis in that she veered her automobile to the left and across the center line of the street as she approached the point of collision, and alleges that the collision was the result of negligence on the part of the railway company and Mrs. Lewis, and of contributory negligence on the part of plaintiff’s wife, Mrs. Sam B. Graham, which negligence consisted in permitting the Hudson automobile to remain parked on Lake Shore Drive at a time and under conditions which she knew, or should have known, created a serious traffic hazard; that she had known for some time that the brush fire was burning and that she knew smoke was blowing across Lake Shore Drive in varying degrees of density, sometimes obscuring visibility, and that under such conditions the Hudson car was a traffic hazard, and that she took no measures to warn and protect approaching motorists from the danger.
After trial, the lower Court rendered judgment in favor of plaintiff and against the Kansas City Southern Railway Company only, for $172.84, and in favor of Henry C. Lewis, Jr. and Robert E. Baremore and against the plaintiff rejecting the demands against them. From this judgment, the railway company and plaintiff have appealed.
Plaintiff’s complaint with the judgment of the lower Court is that he should have been allowed the amount demanded for the claimed decreased value of the car, thus increasing the judgment to $872.84, and that the judgment should be reversed insofar as it rejected plaintiff's demands against Henry C. Lewis, Jr. and Robert E. Baremore, and that they should be cast in solido with the railway company.
The railway company complains of the lower Court’s finding that the presence of the smoke was the sole and proximate cause of the accident and asks that the judgment against it be reversed, or, in the alternative, that it be amended to cast all three defendants as solidary tort-feasors.
We have been cited no Louisiana case where identical or closely similar facts prevail as in this case, but several cases from other jurisdictions have been cited, including Pitcairn v. Whiteside, 1941, 109 Ind.App. 693, 34 N.E.2d 943, 946 where the issue was the liability of the railroad company where its employees built -a fire on the right-of-way and allowed the smoke to roll over the highway. The plaintiff, who was traveling through the smoke at a speed of three or four miles per hour, was struck in the rear by a car coming up from behind him. There the Court said:
“There was a duty upon appellants to refrain from the creation or maintenance of any condition upon their right of way which subjected the traveling public, using public highways in the vicinity of such right of way, to unreasonable risks or conditions that were unnecessarily dangerous. A violation of this duty would constitute negligence. * * *
*826 “Had it not been for the smoke upon the highway the accident would not have happened. The negligence of appellants was, therefore, one of the concurring causes which produced the injury and without which the accident would not have occurred ; and it will be treated as one of the proximate causes unless an independent agency has intervened in such a way as to break the chain of causation, and to become the sole proximate cause. * * *
“In the instant case the smoke upon the highway was not a mere condition, unconnected with the act of the intervening agent. It was an active agency produced by appellants which materially interfered with the vision of both appellee and the intervening agent, to such an extent that the jury could have properly determined that the collision would not have happened without its concurrence, and that it was a substantial factor in producing an injury that was reasonably foreseeable.”
A similar case involving a cloud of steam is Lavelle v. Grace, 348 Pa. 175, 34 A.2d 498, 150 A.L.R. 366. Other cases bearing on the question are: Fisher v. Southern Pacific Company, 72 Cal.App. 649, 237 P. 787; Farrer v. Southern Railway Company, 45 Ga.App. 84, 163 S.E. 237.
 Careful consideration of the evidence leads to the conclusion that Mrs. Lewis and Mrs. Baremore are not chargeable with such negligence as may be considered a proximate cause of the accident. The evidence shows that as they approached the locus of the accident, the view was not obstructed to such an extent as to1 put them on notice. They saw some smoke but it was not then dense enough to obscure their vision. The smoke descended on and enveloped the street at the same time they were about to pass the Hudson automobile. The law is well settled that if one is confronted with a sudden emergency which is not in any way brought about by his negligence, he is not liable even if it subsequently appear that by acting differently under the circumstances, the accident could have been avoided.
We conclude that the emergency was created by the railroad company when it set fire to the grass and weeds. So far as Mrs. Lewis was concerned, she did nothing to cause the accident, and Mrs. Baremore’s action was caused by the sudden emergency, and even if she took the wrong measure in such case, she will not be held liable. Mitchell v. Ernesto, La.App., 153 So. 66 (Orleans appeal) and authorities there cited.
The well written and informative briefs filed by counsel for the defendants Lewis and Baremore have been read with interest. However, our conclusion that the wives of these defendants were not guilty of actionable negligence renders lengthy discussion of these briefs unnecessary, so we forego such discussion with appreciation for the diligence of counsel for these defendants for the excellent manner in which they have presented the contentions of their clients.
The railroad company contends that it was not negligent 'because of what it terms, the intervening negligence of the other two defendants. We are in accord with the authorities cited on the question of intervening negligence of third persons, but having already decided that the negligence of the railroad company’s employees in setting the fire was the proximate cause of the accident and resulting damage, we can. see no useful purpose in a .lengthy discussion of these authorities, and we pass now to the plaintiff’s insistence that he is entitled to recover for depreciation in the value of the car for resale purposes. The only evidence on the question of depreciation in resale value or trade-in value of the Hudson automobile after the accident is that of George Hilton, sales manager of M. I. Davis, local Hudson dealer. He testified that in his opinion the value had been decreased $600. Robert G. Raney, shop manager of M. I. Davis Company, was of the opinion that the automobile, after being repaired, would be exactly as it had been before the accident, and if this is so, there would be no reason to conclude that the value of the car would be less after being repaired. Both of these witnesses were called by the plaintiff.
We therefore conclude that the plaintiff has not made out his demand for depreciation in the value of the auto mo *827 bile by a clear preponderance of the testimony, which he is required to do in order to recover.
For the reasons herein assigned, the judgment appealed from is affirmed at the cost of the defendant, Kansas City Southern Railway Company, in both courts.