**SOUTHERN FARM BUREAU CASUAL-
TY INSURANCE COMPANY,
Appellant,**

v.

**Victoria DESHOTEL, Appellee.**

**No. 17771.**

United States Court of Appeals
Fifth Circuit.

Jan. 7, 1960.

Rehearing Denied Feb. 18, 1960.

Edward Dubuisson, Dubuisson & Dubuisson, Opelousas, La., for appellant.

Robert E. Turner, H. Alva Brumfield, Baton Rouge, La., for appellee.

Before RIVES, Chief Judge, and HUTCHESON and CAMERON, Circuit Judges.

CAMERON, Circuit Judge.

Appellant, urging that, in an automobile collision, appellee was guilty of contributory negligence as a matter of law,

seeks reversal of a judgment for appellee rendered by the court below, sitting without a jury. On a Sunday morning three automobiles were proceeding south at about the same speed on a straight blacktop road in southern Louisiana. The front vehicle, a pickup truck upon which insurance was carried by appellant was being driven by Mrs. Berzas who was under the handicap of having lost the sight in one of her eyes; behind her was the appellee, Victoria Deshotel, driving a station wagon in which her mother and other members of her family were riding; the third car was driven by Aurelius Andrepoint. The three named persons, along with appellee's mother, testified before the court and it rested its findings of fact upon the testimony given by these four and a state officer who examined the road and the two cars after the collision. Its findings may be summarized thus:

Some distance, probably as much as 300 feet, before reaching the intersection of said road with a graveled country road, Mrs. Berzas crossed over from the right lane of the blacktop road to the left lane, remaining substantially in that lane until she approached the point of intersection when she gave a signal for a left turn (which appellee did not see). Before reaching the actual intersection she angled her truck sharply to her right, crossing the right lane immediately ahead of the car appellee was driving.

Appellee and the third car had continued in the right lane at a speed of twenty to thirty miles per hour, appellee's car being a short distance behind the truck. Mrs. Berzas, looking into her rear-view mirror, saw appellee's car as she began the turn and judged that she had ample time to cross the right lane in front of it. Appellee, being confronted with the maneuver which brought the truck back into the right lane, slammed on her brakes, blew her horn and turned sharply to her right, but the left front of her car struck the right side of the truck, the impact injuring appellee and doing damage to her automobile. The court below found that the driver of the truck was negligent and that appellee was not contributorily negligent and gave judgment for damages.[1]

Seizing upon isolated answers given by appellee to leading questions put by its counsel during the course of a quite vigorous cross-examination, appellant argues that appellee admitted facts constituting contributory negligence as a matter of law. The court below did not think so. It had the advantage of observing the witnesses testify and it arrived at the truth by giving consideration to all of the testimony before it. It found that appellee "reacted as an ordinary, reasonable, prudent driver would have under all the proven circumstances" and that she was in fact not guilty of contributory negligence. A reading of the record does not convince us that the finding was clearly erroneous. Mitchell v. Ernesto, La.App., 1934, 153 So. 66; Graham v. Kansas City Southern Railway Co., La.App., 1951, 54 So.2d 822; Fornea v. Crain, La.App., 1955, 79 So. 2d 95; Williams v. National Surety Corp., 5 Cir., 1958, 257 F.2d 771; and General Accident Fire & Life Assurance Co. v. Zapel, 5 Cir., 1956, 231 F.2d 917. The judgment is, therefore,

Affirmed.

1. The testimony reflects that $128.82 of the property damage allowed appellee had been paid by her insurance carrier. This is a matter to be handled between those parties, and has no determinant effect upon this appeal.