**Pauline NORDSTROM and Charles Nord-strom, Plaintiffs,**

v.

**DISTRICT OF COLUMBIA and Sinclair Refining Company, Defendants.**

Civ. A. No. 3608–59.

United States District Court
District of Columbia.

Jan. 30, 1963.

Lawrence J. Simmons, Washington, D. C., for plaintiffs.

Chester H. Gray, Corp. Counsel, and John A. Earnest and William R. Kearney, Asst. Corp. Counsel, Washington, D. C., for defendant District of Columbia.

Edward C. Donahue, Washington, D. C., for defendant Sinclair Refining Co.

HOLTZOFF, District Judge.

This case is now before the Court for an adjudication of a cross-claim for indemnity interposed by the defendant

District of Columbia against its co-defendant Sinclair Refining Company. The action was brought by a woman and her husband against both defendants, to recover damages for personal injuries sustained by her ,as a result of a fall on a public highway. The District of Columbia filed a cross-claim for indemnity against its co-defendant. It was agreed that the cross-claim should be determined as a matter of law by the Court after the jury returned a verdict on the issues raised by the complaint and answer. A verdict was rendered in favor of the plaintiffs against both defendants.

The following facts are uncontroverted. The plaintiff Pauline Nordstrom was walking in a northerly direction on the sidewalk in the 200 block of 5th Street, Northeast, in Washington, D. C. A public elementary school of the District of Columbia, known as Peabody School, is located in that block. A driveway leading to the rear entrance of the school building was cut across the sidewalk. The driveway had a slight incline in order to merge into the street pavement at the curb. When the female plaintiff reached this point, she found her progress blocked by a truck of the defendant Sinclair Refining Company, which had been backed by its driver into the driveway and parked in a manner to occupy the entire width of the sidewalk, except for a distance of two to three feet adjoining the curb. The truck was delivering oil to a private dwelling which adjoined the school. In order to proceed the plaintiff found it necessary to walk around the front of the truck, and had to step down to the part of the driveway immediately adjacent to the curb. She stumbled and fell over a hole in the driveway, sustaining the injuries of which she complains. The undisputed testimony is that the hole was one to one-and-a-half inches deep and three or four inches wide, and had existed for several years.

■ The District of Columbia was deemed liable on the ground that it was guilty of a breach of its duty to keep the public highways of the city in a reasonably safe condition, and failed to repair a substantial defect after having had constructive notice, District of Columbia v. Woodbury, 136 U.S. 450, 463, 10 S.Ct. 990, 34 L.Ed. 472; Elliott v. District of Columbia, 82 U.S.App.D.C. 64, 160 F.2d 386. In this instance, the hole in the sidewalk was not a mere minor depression or a minute deviation from the level of the street, but manifestly constituted a serious danger and hazard. The existence of this condition for several years was much more than sufficient to give constructive notice to the District of Columbia. Ordinarily, several months, or at times even a few weeks, would be enough for this purpose.

■ The co-defendant, Sinclair Refining Company, was held liable on the following basis. Its truck was parked on the sidewalk in violation of traffic regulations. This unlawful obstruction interfered with the passage of pedestrians and compelled them to go around the truck in order to pass. While so doing the pedestrian was injured by a fall on a defective part of the pavement, something that would not have happened if she had been able to continue walking along her direct route. Consequently the creation of the obstruction as a result of the illegal parking, constituted one of the proximate causes of the pedestrian's injuries. Hartford v. Silverman, 109 Cal. App. 587, 293 P. 660; Shafir v. Sieben (Mo.), 233 S.W. 419, 424, 17 A.L.R. 637; Mecchi v. Lyon Van & Storage Co., 38 Cal.App.2d 674, 102 P.2d 422, 429; Garibaldi et al. v. O'Connor, 210 Ill. 284, 71 N.E. 379, 66 L.R.A. 73.[1]

---

1. The argument that the unlawful action of the person obstructing the sidewalk should not be considered a proximate cause of the injury to the pedestrian because of another intervening cause, has been considered and affirmatively rejected by the courts, Shafir v. Sieben (Mo.), 233 S.W. 419, 424, 17 A.L.R. 637. The modern tendency seems to be in favor of abandoning the doctrine that an intervening cause, even though brought about by a human agency, breaks a chain

**318**

In passing on the cross-claim it is necessary to distinguish between contribution and indemnity. The former apportions damages as between joint tort-feasors on an equal basis in proportion to their number. If contribution is permitted, any one of them who pays more than his share of the damages, is entitled to be reimbursed proportionately by his fellow tort-feasors. On the other hand, indemnity is a right to complete reimbursement on the part of one tort-feasor as against another for the entire amount that the former has been compelled to pay. It is based on a contractual obligation implied in law or a quasi-contract. The rigid doctrine of the common law which barred contribution as between joint tort-feasors, has been abandoned or at least modified in a number of progressive jurisdictions. Thus in the District of Columbia Circuit, the old rule was discarded and a doctrine providing for contribution between joint tort-feasors was adopted by judicial decisions, George's Radio v. Capital Transit Co., 75 U.S.App.D.C. 187, 126 F.2d 219.

In discussing the subject of indemnity, it seems desirable to classify joint tort-feasors into several categories. First, in some instances joint tort-feasors commit one act of negligence in concert. Naturally, no right of indemnity exists as among them. The second class comprises situations in which the joint tort-feasors are guilty of separate tortious acts, either simultaneously or in chronological sequence, the several acts in combination constituting proximate causes and leading to the plaintiff's injuries. This class may, in turn, be subdivided into two groups: cases in which the negligence of each tort-feasor equally contributes to the final result, where also there is no basis or reason for indemnity; and, second, cases in which the negligence of one tort-feasor is primary or active, and that of the other is secondary or passive. It has been held that under such circumstances the latter is entitled to indemnity from the former.

This doctrine was formulated as follows in McFall v. Compagnie Maritime Belge, 304 N.Y. 314, 328, 107 N.E.2d 463, 471:

"Where several tort-feasors are involved an implied contract of indemnity arises in favor of the wrongdoer who has been guilty of passive negligence, if there be such, against the one who has been actively negligent. The actively negligent tort-feasor is considered the primary or principal wrongdoer and is held responsible for his negligent act not only to the person directly injured thereby, but also to any other person indirectly harmed by being cast in damages by operation of law for the wrongful act."

To the same effect are Coates v. Potomac Electric Power Co. (D.C.), 96 F.Supp. 1019; and Aetna Casualty and Surety Co. v. Porter (D.C.), 181 F.Supp. 81.

Still a third category comprehends situations in which one person vicariously answers for the negligence of another. Common instances of this type are cases of a master responding for the negligence of his servant on the principle of *respondeat superior*, and of a principal responsible for the negligence of his agent. In such cases indemnity is allowed in favor of the former against the latter. In cases of municipalities, if a defect in a highway is actually caused by the negligence or act of some other party who is permitted or licensed to make an excavation or to maintain some equipment in the highway, and if the municipality is held liable to a person who is injured as a result, it is entitled to indemnity from the other party, Washington Gaslight Co. v. District of Columbia, 161 U.S. 316, 327–328, 16 S.Ct. 564, 40 L.Ed. 712; General Heating Engineering Co. v. District of Columbia, 112 U.S.App.D.C. 225, 301 F.2d 549.

of causation. The District of Columbia Circuit has gone far in that direction.

See e. g. Ross v. Hartman, 78 U.S.App. D.C. 217, 139 F.2d 14, 158 A.L.R. 1370.

On the other hand, in cases in which both joint tort-feasors are guilty of active negligence, and the negligence of both concur in causing the injury, neither is entitled to indemnity against the other, although in a jurisdiction such as the District of Columbia, there may be contribution between them. Thus in D. C. Transit System, Inc. v. Slingland, 105 U.S.App.D.C. 264, 266 F.2d 465, 72 A.L. R.2d 1290, a truck was parked in a portion of the space reserved for bus stops. The driver of a bus, desiring to make a regular stop at that point, had to stop the bus with its rear partially in the next lane. A mail truck came along and started to go around the back of the bus, but struck its left rear corner, causing a passenger in the bus to be thrown and hurt. The passenger was allowed to recover damages jointly against the transit company and the United States. The transit company sought exoneration or indemnity from the United States, on the theory that the driver of the mail truck had the last clear chance to avoid the accident. The court held that the transit company was entitled not to complete exoneration, but merely to contribution, presumably on the theory that each was guilty of active negligence and the negligence of both concurred in causing the plaintiff's injury.

In Warner v. Capital Transit Co. (D. C.), 162 F.Supp. 253, it was held that there could be no indemnity as between two joint tort-feasors if each was guilty of active negligence, irrespective of the fact that the degree of negligence of one might have been greater than that of the other.

A somewhat similar situation was presented in Union Stock Yds. Co. of Omaha v. Chicago, B. & Q. R. R. Co., 196 U.S. 217, 25 S.Ct. 226, 49 L.Ed. 453. In that case a shipper of freight delivered a defective refrigerator car to a railroad. The latter, in turn, turned over the defective car to a stockyards terminal company. An employee of the latter was injured by reason of the defect in the car, and recovered damages from his employer on the ground that the accident was caused by the employer's failure to inspect the car properly. The latter, in turn, sued the railroad company for indemnity on the theory that the railroad was also guilty of failure to inspect the car and had the first opportunity to do so. The Court did not allow indemnity, since each party had been guilty of a like neglect of duty, and the fact that the duty of inspection had been imposed first on the railroad company was immaterial.

It is argued in behalf of the District of Columbia that "but for" the negligence of Sinclair, which compelled the plaintiff to walk around the front of the truck, the plaintiff would not have been injured. This statement is correct. The converse, however, is equally true. "But for" the negligence of the District of Columbia in failing to repair the defect in the street, the plaintiff likewise would not have been injured. Obviously, each of the two defendants was guilty of active negligence. It is of no moment that the negligence of Sinclair occurred subsequently to the negligence of the District of Columbia. The concurrent negligence of each caused the pedestrian's injuries, and both should be liable.

The Supreme Court of Missouri, in Shafir v. Sieben, 233 S.W. 419, 424, aptly discussed a similar situation, involving a municipality, in the following manner:

"Both were commingled in the single act of the injury. The argument by which it is attempted to separate them is specious and artificial. All were negligent in their participation, and no principle of law has a deeper foundation or is more firmly established in this state than that every tort-feasor whose wrongful act concurs in inflicting the injury is liable for the resulting damage. The completed wrong is the joint act of all, so that the man who holds the victim is jointly guilty with the man who beats him."

Able counsel for the District of Columbia places strong reliance on the decision in Washington Gaslight Co. v. District

**320**

of Columbia, 161 U.S. 316, 327 et seq., 16 S.Ct. 564, 40 L.Ed. 712. This court, however, takes a different view. That case is within the group of those in which one party is required to respond vicariously for the negligence of another, or at best is of the type in which one party is guilty of secondary or passive negligence, while the other is charged with active and primary negligence. The District of Columbia had granted a license to the Washington Gaslight Company, at the request of the latter, to open a street for the purpose of placing a gas box to connect a main with a house where gas was to be used. The Company failed to keep the box in a proper state of repair, causing injuries to a pedestrian due to a deep and dangerous hole surrounding the box. The pedestrian recovered judgment against the District of Columbia on the ground that the District had been guilty of a breach of its duty to maintain the street in a reasonably safe condition. The District then brought suit for indemnity against the Washington Gaslight Company. The Supreme Court held that the District of Columbia had a good cause of action, as the gas company was the principal delinquent and, therefore, should be held responsible to its co-delinquent for damages incurred by their joint offense.

In the case at bar, however, the Sinclair Refining Company in no way brought about the defect in the street, and surely was under no obligation to repair it. Each of the two defendants was guilty of a separate act of primary and active negligence. The acts of negligence were concurrent and in combination caused the injuries sustained by the pedestrian. Under the circumstances, the decision on which the District of Columbia relies does not support its contentions, but inferentially, at least, leads to the opposite result.

This Court concludes that the District of Columbia is not entitled to indemnity against the Sinclair Refining Company, and accordingly its cross-claim will be dismissed. On the other hand, contribu-

tion as between the two defendants will be directed.

Counsel may present a proposed judgment in favor of the plaintiffs against both defendants on the verdict of the jury; dismissing the cross-claim of the District of Columbia against the Sinclair Refining Company; and making suitable provisions for contribution as between the two defendants.